## SUPREME COURT.

PETER O'HARA, respondent agt. STEPHEN B. BROPHY, appellant.

The allowance or refusal of *costs* in actions for the *strict foreclosure of mortgages,* is in the *discretion of the court.*

Where the *notice* prescribed by § 131 of the Code has not been served, it does not deprive the court of the power in equity cases to *award costs* for unreasonably defending, against defendants upon whom a copy of the *complaint* has been served.

It is not necessary to the *commencement* of any action that a copy of the *complaint* be served upon the defendant; he is brought into court by the *summons alone.*

Where the *jury,* on conflicting evidence in a justice's court, found that the defendant (an attorney at law,) put in an answer for the plaintiff in an action for strict foreclosure, *without authority* from the plaintiff,

*Held,* that there being evidence to sustain the finding of the jury, and the evidence against it not so preponderant as to create the conviction that it must have proceeded from passion, prejudice, corruption or palpable mistake, the verdict must be sustained.

*Brooklyn General Term, February,* 1863.

IN May, 1860, an action for a strict foreclosure was brought by James Wood, in which action the plaintiff was joined as defendant. The plaintiff and his then co-partner, Peter McLaughlin, held a mortgage subsequent to the one in suit and upon the same premises. They were therefore made parties defendants, with the usual allegations that no personal claim is made against these defendants.

When the process was served upon Mr. O'Hara he took it to D. P. Barnard, Esq., of Brooklyn, for advice, and was then and there advised that no defence could be successfully interposed by him.

He then took the papers and met Mr. Brophy, to whom he handed them with instructions to see the plaintiff's attorneys and ascertain if they would pay him anything upon the mortgage, agreeing to give Brophy one-third of all that was made by the settlement, at the same time informing him that he would not defend, or would have "no law."

Brophy called on plaintiff's attorneys, and being unable to effect a settlement, he prepared and served upon the plaintiff's attorneys an answer in behalf of Peter McLaughlin and Peter O'Hara, which purported to have been sworn to by Mr. O'Hara.

The verification to the answer purported to have been made before R. J. Todd, a commissioner of deeds in Brooklyn.

Mr. O'Hara swears positively that he never swore to a paper in the case; that he never took an affidavit or swore to one of any kind before R. J. Todd; that he not only never authorized defendant to put in an answer in the case, but repeatedly forbade him doing so. Brophy did not produce the original answer upon the trial, although notified to do so.

The plaintiff's attorneys saw Mr. Brophy and informed him that unless he withdrew the answer they would apply, when the case should be reached and tried, for a judgment against the defendants, McLaughlin and O'Hara, for costs for unreasonably defending the foreclosure suit. Brophy firmly refused to withdraw his answer unless plaintiff would pay him a fee for so doing, which plaintiff declined to do.

The cause was placed upon the special term calendar in New York city, and remained there until June term, 1861, when it was called in its order and tried.

Brophy did not appear, nor did any one appear in behalf of McLaughlin or O'Hara.

Judgment was then taken for a strict foreclosure, and that the defendants, McLaughlin and O'Hara, pay costs for unreasonably defending the case.

Brophy did not inform O'Hara of the fact that the suit was on the calendar, nor that a defence was put in.

Nor did Mr. O'Hara know anything of it until an execution was presented to him by the sheriff of Kings county. Mr. O'Hara paid the amount of judgment ($166.33) and $9 sheriff's fees.

This action was brought in a justice's court by the plaintiff to recover the amount paid in said suit, caused by disobedience of the defendant.

The jury found a verdict for the plaintiff for the said amount ($175.38).

The above facts, substantially, appeared upon the trial.

An appeal was taken to the county court and the judgment affirmed.

S. B. BROPHY, *defendant in person.*

1. Plaintiff brought this action against defendant "for unreasonably defending an action wherein he appeared without authority, and unskillfully conducted the defence." He failed to prove either of these averments.

The Wood suit, being the action referred to, was for a strict foreclosure of several mortgages. No relief was asked, personally, against the defendants.

No notice of object of action was served with the copy complaint in the foreclosure suit, under section 131 of the Code.

2. There being no impeachment of defendant's witnesses, he is entitled to the benefit of his uncontradicted testimony. (*Newton* agt. *Pope*, 1 *Cow.*, 109; 3 *E. D. Smith*, 121.)

3. O'Hara had a legal right to put in the answer and defend that action without any liability for costs.

From the terms of the agreement, Brophy had a right to put in an answer.

4. The answer was shown to be in plaintiff's possession, yet he refused to account for it on the trial.

For the purpose of this action, it makes no difference whether the answer was sworn to by the plaintiff or not; if it was put in with his consent, that concludes him.

The plaintiff having retained the defendant and served an answer, and then having stayed his proceedings, plaintiff is not entitled to any remedy against the defendant. It

would be otherwise if defendant was not stayed and had neglected to defend the action.

5. The justice erred in refusing to charge the jury as requested.

The verdict is against law and fact on the evidence. Judgment should be for defendant. (*Code,* § 366.)

" Wherever the finding of a jury or referee is clearly against the body of evidence, although there be some evidence to support it, a new trial will be granted. (6 *Barb.,* 141; *Thompson* agt. *Manck,* 22 *How. P. R.* 431; *Dobson* agt. *Arnold,* 10 *How. P. R.,* 528; *Tracy* agt. *Hartman,* 1 *Hilt.* 350.)

The plaintiff did not prove any cause of action.

H. C. PLACE, *for plaintiff.*

1. This court will only review the questions raised by the grounds in the notice of appeal from the justice's court to the county court. (2 *Sand. S. C. R.,* 632; 15 *Howard,* 32; 16 *Howard,* 18; 16 *Howard,* 471; 14 *Howard,* 307; 6 *Abbott,* 183.)

2. While the court will throw around its officers a shield of protection in the discharge of those honest and legitimate acts which are peculiarly the duties of an attorney, it will at the same time guard the community with a like protection against the improvident, negligent, or dishonest acts of attorneys.

The evidence was conflicting, and the jury having passed upon it, this court will not review their findings upon questions of facts. (15 *Wendell,* 490; 21 *Wendell,* 305; 3 *Hill,* 75; 18 *Barbour,* 347; 22 *Barbour,* 134; 1 *E. D. Smith,* 318.)

3. There was only one exception taken upon the trial which is open to review, and that is the exception to the judge's refusal to charge the jury as requested. It is now well settled by authorities in this state that the justice is

not bound to charge the jury at all, and if he does charge, is only bound to charge correctly so far as he goes.

At all events, the county judge has well said, that there is no error in the justice's refusal to charge in this case. (12 *Abb.*, 44.)

By the court, SCRUGHAM, Justice.   Actions for the strict foreclosure of mortgages are not among those mentioned in section 304 of the Code, in which costs are allowed of course, but their allowance or refusal in such actions is in the discretion of the court.   (*Code*, § 306.)

The provision that a defendant upon whom the notice prescribed by section 131 is served, shall pay costs if he unreasonably defend the action, does not deprive the court of the power in equity cases to award costs for unreasonably defending against defendants upon whom a copy of the complaint, but no such notice, has been served.

It is not necessary to the commencement of any action that a copy of the complaint be served upon the defendant; he is brought into court by the summons alone.   In equity cases this gives him no information of the cause of action or of the nature of the relief sought against him; a copy of the complaint would afford it, but as the complaint may be, and in such cases generally is, voluminous, the notice is provided as a short substitute calculated to convey to the defendant all the information necessary to acquaint him with the nature and object of the action, and of the extent to which his rights will be affected by it, and upon which a defendant, against whom no personal claim is made, may safely determine whether it will be necessary for him to take any proceedings in the action.

The complaint furnishes this information more fully than the notice, which is nothing more than an abstract of it, and it is not necessary to serve the notice in case a copy of the complaint is served with the summons; for it would cer-tainly be as improper for a defendant in that case unrea-

sonably to defend the action as it would be if, instead of a copy of the complaint, a notice of the object of the action had been served upon him, and the court, exercising its discretion in the awarding of costs, would doubtless award them against him in the one case as freely as in the other.

The justice therefore was right in refusing to charge that O'Hara and McLaughlin, as defendants in the action for strict foreclosuse, had a right to defend it without any personal liability to costs.

No costs would have been awarded against the present plaintiff in the foreclosure suit if the answer had not been interposed, and the jury have found that the answer was put in by the defendant as attorney for the plaintiff, without authority from him.

Upon this question there was conflicting evidence; and in passing upon the verdict of a jury in a justice's court, the question with us is not whether the evidence would lead us to the same conclusion, but only whether there is any evidence to sustain the finding of the jury, and if so, whether the evidence against it is so preponderant as to create the conviction that it must have proceeded from passion, prejudice, corruption or palpable mistake.

As there is no such extreme preponderance in this case, the verdict must be sustained, and the judgment of the county court affirming the justice's judgment should be affirmed.

---

ERRATA.

The case of *Brown* agt. *Weber*, *ante*, *p.* 306, was decided at Broome General Term, January, 1861—BALCOM, CAMPBELL and PARKER, Justices.

In *Jurgensen* agt. *Alexander*, *ante*, *p.* 269, in the case and head note, for the words " erased or liberated, read " erased or *obliterated*."

In *Klen* agt. *Gibney*, *ante*, *p.* 32, for the words " *The Duchess of Magazine*," read " *The Duchess of Mazarine*."