ALICE NIELSEN, Respondent, v. FESTINA REALTY COMPANY, INC., and Others, Defendants. ELLA A. STODDARD, Appellant.— This is an action for the fore-

closure of a mortgage. The plaintiff has procured a divorce from the defendant LeRoy R. Stoddard. She is the sister-in-law of the appellant, Ella A. Stoddard. The mortgage was transferred to the plaintiff in the adjustment of the financial affairs between the parties to the divorce action. The appeal is from that portion of the judgment which provides: " It is further ordered, adjudged and decreed, that if the proceeds of such sale be insufficient to pay the sums adjudged to be due the plaintiff as above set forth, including interest, costs and allowances as aforesaid, the Referee shall specify the amount of such deficiency in his report of sale, and the plaintiff, Alice Nielsen, shall have judgment against the defendants, LeRoy R. Stoddard and Ella A. Stoddard personally, for such deficiency, up to but not exceeding the amount of said plaintiff's costs, disbursements and allowances, including the interest thereon, awarded to her in said action as above set forth." Under this provision, as the property did not sell for the amount mentioned, judgment has been given to the plaintiff for $1,385.85 costs. It is made up of the statutory items including percentages under section 1512 of the Civil Practice Act and $979.44 under subdivision 2 of section 1513 of the Civil Practice Act, also disbursements amounting to $130.41. The trial lasted two days. Little has been said as to the reasonableness of awarding so large a bill of costs against a defendant who was not liable therefor, except upon the theory that she unreasonably defended the action. The argument presented has to do with the service or failure to serve a notice on the appellant that no personal claim was made against her. The proof of service recites that the process server " served an affidavit and order appointing receiver in the above entitled matter, as well as a summons and verified complaint therein upon Ella S. Stoddard, a defendant in the above entitled action." It fails to recite the service of the " notice of no personal claim." Such a notice, however, is attached to the original summons and complaint which is on file in the Warren county clerk's office. The appellant argues that section 1478 of the Civil Practice Act requires that the judgment should be reversed. That section in substance permits costs against a defendant not personally liable to pay the mortgage debt only when such person has unreasonably defended the action, and plaintiff has served a notice of no personal claim " with the summons." It is unquestioned in this case that a complaint was served with the summons. It is not necessary to serve the notice of no claim for personal judgment if the summons be accompanied by a complaint wherein it appears that there is no claim for a personal judgment. (*O'Hara* v. *Brophy*, 24 How. Pr. 379.) Such is the condition in this case. Judgment unanimously affirmed, with costs. Hill, P. J.: I agree that notice of no personal claim was not necessary, but believe the amount allowed was too large. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.