(28 Misc. Rep. 525.)

### KRAMER v. GERLACH.

(Supreme Court, Appellate Term. July 26, 1899.)

1. ATTORNEY AND CLIENT—APPEARANCE.

　Though an attorney be authorized to appear only specially, yet, if he make a general appearance, the client is bound thereby.

2. JUDGMENT—VACATION.

　A judgment will not be vacated because the summons was not served, where there is no affidavit of merits, and nothing to show that injustice has been done.

Appeal from municipal court, borough of the Bronx, Second district.

Action by Ferdinand Kramer against Charles Gerlach. From a judgment rendered on an inquest in favor of plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Michael F. O'Brien, for appellant.

J. Hommer Hildreth, for respondent.

FREEDMAN, P. J. This action was brought to recover the sum of $75, alleged to be due to the plaintiff from the defendant as commissions upon the exchange of property made by the plaintiff as a broker, acting for the defendant. The summons in this action was returned as having been personally served upon the defendant herein, and was returnable on the 24th day of April, 1899. On that day the plaintiff appeared by J. Hommer Hildreth, as attorney, and the defendant by Charles Gerlach, Jr., as his attorney. The pleadings were oral, and the defendant's attorney appeared generally, and interposed an answer of a general denial, and demanded a bill of particulars of the plaintiff's. claim, and the action was then adjourned by consent until the 8th day of May, 1899. On the 8th day of May, 1899, the parties again appeared, the plaintiff in person and by attorney, and the defendant by his attorney, Michael F. O'Brien, who thereupon made a motion to strike out the previous appearance of Charles Gerlach, Jr., as unauthorized, and a nullity, to vacate all proceedings taken, and presented affidavits going to show that the

summons had never been served upon the defendant, and that Charles Gerlach, Jr., who appeared as attorney for him upon the return day, had no authority to appear generally in the action, but only specially, for the purpose of moving to set aside the service of the summons, and for no other purpose. To this motion the plaintiff's attorney objected upon the ground that no notice of such motion had been served upon him, and no notice of such application given, and that he was ready in court, with his witnesses, to try the case upon its merits, and that the defendant had previously appeared generally in the action. The motion was thereupon denied. An inquest was subsequently taken, and judgment rendered in favor of the plaintiff, and from the judgment defendant appeals.

A reversal of the judgment is asked for upon the ground that the summons was never served upon the defendant, and that the general appearance aforesaid by Charles Gerlach, Jr., was unauthorized by the defendant. The affidavit of Charles Gerlach and of Charles Gerlach, Jr., contained in the moving papers, and attached to the return herein, show that Charles Gerlach, Jr., had authority to appear for the defendant, but that his authority was limited to the special purpose of moving to set aside the service of the summons. It appears, therefore, that the appearance of Charles Gerlach, Jr., on behalf of the defendant, was authorized by him, but that he exceeded his authority. The rule that a defendant, by voluntarily appearing, either in person or by allowing and joining issue, without objection, waives the objections so far as that jurisdiction is obtained over the person, is sustained by numerous and a nearly unbroken series of cases in this state, and a few only need be cited. Malone v. Clark, 2 Hill, 657; Ballouhey v. Cadot, 3 Abb. Prac. (N. S.) 122; Clapp v. Graves, 26 N. Y. 418; Hamilton v. Wright, 37 N. Y. 502; Sanborn v. Lippetts, 58 N. Y. 179. The cases cited by the appellant are those in which the attorney was wholly unauthorized to appear. The leading case is that of Sperry v. Reynolds, 65 N. Y. 179. It was a case in a justices' court, and in it the distinction between a case in those courts, where any person can act as attorney for a party, and of courts in which none but admitted practitioners are permitted to appear, is pointed out. In the case at bar the attorney for defendant was authorized by him to appear. He may have exceeded his authority. If so, he is liable to his principal. Sperry v. Reynolds, supra; O'Hara v. Brophy, 24 How. Prac. 379; Ellsworth v. Campbell, 31 Barb. 134. By his general appearance he conferred jurisdiction upon the court, even if not otherwise acquired, and the judgment was legally obtained. This court has power to set aside a judgment and open a default, and should do so in a case where it appears that manifest injustice has been done. Campbell v. Lumley, 24 Misc. Rep. 196, 52 N. Y. Supp. 684. As the moving papers in this case contain no affidavit of merits, and there being nothing to show that injustice has been done, the judgment must be affirmed. Cross v. Birch (Sup.) 58 N. Y. Supp. 438.

Judgment affirmed, with costs. All concur.