McNeal v. Gossard.

J. W. McNEAL v. J. N. GOSSARD.

No. 13,352.   (74 Pac. 628.)

SYLLABUS BY THE COURT.

ATTORNEY AND CLIENT — *Client Bound by Appearance of Attorney.* Where an attorney is directed by his client to enter only a special appearance for him in an action, but, in endeavoring so to do, he honestly pleads matters which operate as a general appearance, the client is bound by such general appearance.

Error from Cowley district court; JAMES LAWRENCE, judge. Opinion filed December 12, 1903. Affirmed.

STATEMENT.

A JUDGMENT was rendered against the plaintiff in error in the district court of Barber county on May 23, 1893. On May 16, 1899, a motion was filed in that court to revive this judgment, it having become dormant after the expiration of five years from the date of its rendition. Notice of the hearing of this motion, set for May 26, 1899, was served on McNeal by the delivery to him of a copy thereof in Logan county, Oklahoma, where he was at that time residing, by the sheriff of that county. Thereafter NcNeal wrote to Martin, an attorney residing in Barber county, who had represented him in the original action, the following letters, on the dates therein shown :

"GUTHRIE, OKLA., May 17, 1899.
"*G. M. Martin, Attorney, Medicine Lodge, Kan.*:

"DEAR G. M.—I notice a motion has been filed to revive dormant judgment in suit of Gossard v. Balding and McNeal. Now, I do not know what, if anything, can be done to defeat the granting of this motion, but I think you owe it to me to do all you can to defeat it. It was entirely on the question of practice that the case went off in the appellate court, and I may

8—68 KAN.

state that you ought not to have made any addition to that error. You have never paid back a cent of that loan I made you. The note now amounts to $37.50. I trust you will do what you can to defeat this iniquitous judgment. No greater fraud or travesty on justice was ever enacted under the guise of law."

"Guthrie, Okla., May 19, 1899.
"G. M. Martin, Attorney, Medicine Lodge, Kan.:
"Dear Sir—Since writing you yesterday, I have investigated somewhat and find what I believe to be good grounds for defeating that motion to revive the judgment in the suit of Gossard v. Balding. I want you to beat this, and I will pay you a cash fee and will surrender you your note. You can enter a special appearance, so that it will not complicate me in case they succeed in getting this judgment revived. Our statutes will afford a remedy against this judgment in this territory. Let me hear from you."

"Guthrie, Okla., May 23, 1899.
"G. M. Martin, Medicine Lodge, Kan.:
"Dear Sir—Your letter of the 23d received. I never expect to pay any part of that Gossard claim, as I feel sure it cannot be collected under our statutes in this territory, and you know it is as great a travesty as ever was enacted.

"I enclose you herewith a draft for $10, as you suggested you needed some money.

"The books are full of decisions, particularly the supreme court reports. There can be no doubt but the limitation commenced to run on the judgment the day it was taken, and not on the date the application for a new trial was overruled. Had they been wanting to establish a lien, they certainly would have contended that lien attached on the 19th of May, the date the judgment was rendered by the jury. The only reason I wanted to beat it there, I did not care to have to defend a suit of that kind here. I believe Gillett will be disposed to be honest and fair, which is more than could be said of McKay. Keep me advised from time to time."

"GUTHRIE, OKLA., May 24, 1899.

"*G. M. Martin, Medicine Lodge, Kan.:*

"DEAR SIR—I again write you about the Gossard judgment. I have impressed it upon you in each letter that I was very anxious that nothing like a general appearance be entered for me. I would much rather have no appearance at all than to have a general appearance, because it might affect the statutes in this territory somewhat to have you, or any one else for me, enter a general appearance. Please advise me as to the situation."

No instructions were given Martin except such as are contained in these letters.

Martin thereupon filed a motion, which, by its terms, was sufficient to enter the general appearance of McNeal in the revivor matter, and thereupon the judgment was revived. Subsequently the case now under consideration was brought in the district court of Cowley county against McNeal upon this revived judgment, and personal service was had on him. He answered, among other things, that the service of the notice in Oklahoma was not sufficient to bring him into the Barber county district court so as to give that court jurisdiction to revive the judgment against him, and that the court did not obtain jurisdiction over him by the general appearance of attorney Martin, because the instruction to Martin was to enter only a special appearance in his behalf.

The Cowley county district court held against the plaintiff in error upon one or both of these propositions and rendered judgment against him upon the original revived judgment. The plaintiff in error is now here making the same claim that he did below.

*Hackney & Lafferty,* and *Dale & Bierer,* for plaintiff in error.

*Jackson & Noble,* for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: If McNeal was bound by the general appearance entered for him by his attorney, G. M. Martin, we need not consider the sufficiency of the Oklahoma service of notice to bring him in. He claims, however, that, as he authorized only a special appearance, anything beyond that did not bind him or give the court jurisdiction over him. In the letters of the 17th and 23d of May nothing was stated by McNeal that looked to the limitation of the right to enter a general appearance for him. That of the 17th called upon the attorney to defeat the motion to revive. That of the 23d indicated a method by which it could be defeated, to wit, the pleading of the statute of limitation, which, of course, if done, would be the entry of a general appearance. That of May 19 specially called upon the attorney to defeat the motion, but suggested the advisability of entering a special appearance. That of May 24 countermanded nothing that had been advised before, except what might be implied from the suggestion that McNeal would much rather have no appearance at all than to have a general appearance entered for him. We do not see from these letters, taken together, that the attorney was at liberty to disregard one instruction more than another. What McNeal wanted was to defeat the motion to revive. If this could be done by specially pleading want of jurisdiction, well and good; if it could be done by pleading the statute of limitations, the same end would be accomplished.

But more than this, where the authority to the attorney is to enter a special appearance only, yet such attorney enters a general appearance for his client, the client is bound by such general appearance. Having

procured and authorized the attorney to enter an appearance, he was bound by the appearance, even though it was in excess of the authority conferred. The client might be of the opinion that his purpose would best be accomplished by a special appearance. The attorney to whom the accomplishment of this purpose is committed might think otherwise. Could he excuse himself to his client if he failed to take the step best calculated, in his judgment, to guard the client's interests? The object of the client in this case was to defeat the allowance of the motion ; the method of accomplishing this object was committed to the attorney. The following authorities sustain this view : *Harshey v. Blackmarr*, 20 Iowa, 161, 89 Am. Dec. 520 ; *Hendrickson v. Hendrickson and others*, 15 N. J. L. 102 ; *Chambers v. Hodges*, 23 Tex. 104 ; *Kramer v. Gerlach*, 59 N. Y. Supp. 855 ; 2 Encyc. of Pl. and Pr. 692.

It follows that, as the Barber county judgment was properly revived, there was no error in rendering judgment thereon by the court below.

The judgment will be affirmed.

All the Justices concurring.