## WILKINSON v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term.    June 1, 1906.)

COURTS—MUNICIPAL COURTS—APPEARANCE—OBJECTIONS TO PROCESS—WAIVER.
    Under Municipal Court Act, Laws 1902, p. 1498, c. 580, § 26, authorizing
    the commencement of an action in the Municipal Court in New York by
    summons or by voluntary appearance and joinder of issue, where the de-
    fendant gave the plaintiff a written notice of appearance in an action in
    Municipal Court, he thereby waived objection to the summons because
    of its failure to designate the year in the date for its return.

Appeal from Municipal Court, Borough of Manhattan, Third Dis-
trict.

Action by James Wilkinson against the New York City Railway
Company.  From a judgment in favor of defendant, plaintiff appeals.
Reversed, and new trial ordered.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Harcourt Bull, for appellant.
William E. Weaver, for respondent.

PER CURIAM.  This is an appeal from a judgment of the Munici-
pal Court, Third District, in favor of the defendant for $5 costs and
dismissing the plaintiff's complaint.  The summons was served on the
defendant April 3, 1906.  On the same day the defendant gave the
plaintiff a written notice of appearance, which was filed in court and
which appears in the return.  The return day of the summons is desig-
nated as the 12th day of April, but no year is indicated.  However,
on the 12th day of April, 1906, both plaintiff and defendant were present
in court when the case was called for trial.  The plaintiff was ready
to proceed with the trial, but the defendant moved for a nonsuit on the
ground that the summons was defective in failing to state the year as
well as the day of the return.  This motion was granted, and judgment
entered as above stated.

An action in the Municipal Court of this city is begun either by the
service of a summons or by the voluntary appearance and joinder of
issue by the parties.  Section 26, Municipal Court Act, Laws 1902,
p. 1498, c. 580.  This summons was defective, and its service might
have been set aside on motion, had the defendant appeared specially
for that motion.  But defendant appeared generally, and so gave the
court jurisdiction over the person of the defendant, notwithstanding
the omission of the date from the summons.  The general appearance
was a waiver of the defect in the summons, and, as was said in the
case of Kramer v. Gerlach, 28 Misc. Rep. 525, 527, 59 N. Y. Supp.
855, 856, "conferred jurisdiction upon the court, even if not otherwise
acquired."  See, also, Reed v. Chilson, 142 N. Y. 152, 36 N. E. 884.

For these reasons the judgment should be reversed, and a new trial
ordered, with costs to the appellant to abide the event.