No. 26,788.

HARRY CHISLER et al., *Appellants,* v. D. E. L. BYERS et al.,
*Appellees.*

### SYLLABUS BY THE COURT.

TROVER AND CONVERSION—*Acts Constituting Conversion—Refusal of Assent to
Take Casing.* The owners of some casing leased it for ninety days. The
lessee used it in a well which he was drilling under contract, but which he
later abandoned, making a settlement with the owner of the well, in the
course of which he told who owned the casing. The ninety days having ex-
pired, the owners of the casing demanded it of the owner of the well, who
refused to consent to their taking it except on condition they would not
injure the well in removing it, saying it was theirs and they could go and
get it, but if they pulled it he would sue them for damages. It is held that
upon a showing of these facts in an action brought by them for conversion
a demurrer to the evidence should have been overruled.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion
filed July 10, 1926. Reversed.

*Carr W. Taylor,* of Hutchinson, and *F. J. Oyler,* of Iola, for the appellants.
*F. Dumont Smith* and *Eustace Smith,* both of Hutchinson, for the appellees.

The opinion of the court was delivered by

MASON, J.: Harry Chisler and Wilbur E. Stone owned some 3,000
feet of oil-well casing, which they leased to D. E. L. Byers for a
period of ninety days, the contract reciting that it might be used
only upon what was known as the Castleton well. Byers agreed to
pay the stipulated rent and return the casing within the time named.
Byers had already contracted to drill another well, known as the
O'Halloran, for George E. Gano, and he used this casing on that
well. He found himself unable to carry out his contract, and in
consideration of $2,250 signed a writing releasing Gano from obliga-
tions under it, Gano also releasing him. At this time Byers told
Gano that Chisler and Stone owned the casing, and that they would
probably want it or pay for its use. Chisler and Stone demanded
the casing of Gano. He refused to pay for it, and only agreed to let
them have it upon condition they would not injure the well in re-
moving it. He said: "Well, it is out there and it is yours; you can
go and get it. If you pull it out of that hole, I will sue you for
damages." Stone and Chisler then brought this action against

Trover and Conversion, 38 Cyc. pp. 2030 n. 58, 2106 n. 38.

Chisler v. Byers.

Gano for conversion of the casing. A demurrer to their evidence was sustained, and they appeal.

The question presented is whether the course of the defendant amounted to such an assertion of title as to warrant a finding of conversion. Cases and texts announcing the general rule with illustrations are cited on both sides, the defendant relying particularly upon an excellent note in 24 A. S. R., 798-801, but the decision here must turn upon the effect in this regard to be given to the particular facts presented. We think the demurrer should have been overruled, upon these considerations: The title and right of possession of the casing was clearly in the plaintiffs. They had done nothing to forfeit the right to follow it into the hands of Gano, who appears to have been advised of their rights at the time he settled with Byers. While he seemed in words to recognize their title and right of possession, he imposed the condition on his consenting to their taking it that they must not injure the well—not that they should not unnecessarily injure it, but that they should not injure it, however carefully they proceeded. This was in effect a denial of their right to pull the casing, for if they had a legal right to take it they had a right, if they exercised due skill and caution, to do so much incidental injury to the well as necessarily resulted from their doing what was itself lawful—Portia's decision to the contrary in Shylock v. Antonio notwithstanding. In saying that if they pulled the casing he would sue them, he is fairly to be regarded as denying their right to pull it, for he can hardly expect to be understood as meaning that he would sue otherwise than to enforce a lawful claim. And to deny their right to pull it was to deny their right to take it, since possession could be obtained by them only in that manner.

The judgment is reversed, with directions to overrule the demurrer.