No. 27,558.

HARRY CHISLER, *Appellee,* v. H. E. RANDALL et al., *Defendants,* GEORGE E. GANO, *Appellant.*

No. 27,559.

WILBUR E. STONE, *Appellee,* v. H. E. RANDALL et al., *Defendants,* GEORGE E. GANO, *Appellant.*

(259 Pac. 687.)

SYLLABUS BY THE COURT.

1. CONSPIRACY—*Sufficiency of Evidence—Circumstantial Evidence.* In order to prove a conspiracy by circumstantial evidence, there must be substantial proof of circumstances from which it necessarily follows, or at least may be reasonably inferred, that the conspiracy existed. It cannot be established by conjecture and speculation alone.

2. LIBEL AND SLANDER—*Persons Liable—Defamation by Party's Attorney.* The ordinary relation of attorney and client does not make the client liable in damages for a libelous newspaper article, written by a reporter for the newspaper and based on information obtained in part from the attorney, when the client did not know his attorney had given such information and had not authorized it.

Appeal from Sedgwick district court, division No. 4; ISAAC N. WILLIAMS, judge. Opinion filed October 8, 1927. Reversed.

Attorney and Client, 6 C. J. pp. 637 n. 50, 638 n. 57. Conspiracy, 12 C. J. p. 640 n. 95 new; 5 R. C. L. 1104. Libel and Slander, 36 C. J. pp. 1204 n. 54, 1224 n. 44, 47 new; 37 C. J. p. 14 n. 4.

Chisler v. Randall.

*F. Dumont Smith, Eustace Smith* and *Arthur T. Symns,* all of Hutchinson, for the appellant.

*Carr W. Taylor,* of Hutchinson, and *F. J. Oyler,* of Iola, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: These are two actions for damages for libel. Harry Chisler is plaintiff in one and Wilbur E. Stone in the other. The pleadings are identical except the names of the plaintiffs. The defendants are H. E. Randall, George E. Gano and F. S. Macy. The cases were consolidated and tried to a jury in the court below. Each of the plaintiffs recovered a judgment for $17,043.75 against all of the defendants. The defendant Gano alone appeals.

The material facts disclosed by the record are substantially as follows: George E. Gano is a resident of Hutchinson. He has been engaged in the grain business for many years and has other financial interests. He and his associates had oil and gas leases on certain lands in Reno county. They made a contract with one Haines to drill an oil well on what is known as the O'Halloran lease, near Castleton. Haines began the work, but became involved in financial difficulties and discontinued it. Gano and his associates then made a contract with D. E. L. Byers to complete the drilling of the well to a depth of 3,500 feet. Among other things, Byers was to furnish the casing to be used in the drilling. The plaintiffs in these cases, Harry Chisler and Wilbur E. Stone, reside at El Dorado. Stone was engaged in the banking business and Chisler in the oil business, but together and as partners they, for several years, handled casing for oil wells, leasing or selling the same to parties throughout the mid-continent oil field. Byers made a written agreement with Chisler and Stone by which he leased from them (with an option to buy) 3,000 feet of 6⅝-inch casing, which he used in drilling the well on the O'Halloran lease. When Byers had drilled the well to a depth of about 3,150 feet some difficulty arose and he had a settlement with Gano and his associates by which he quit drilling, and the well was taken over by Gano and C. W. Huffines. At that time about 2,300 feet of the casing Byers had leased from Chisler and Stone was in the well, and about 700 feet on the racks near the well. Chisler and Stone learned of this situation and went to Gano to get pay for the lease on the casing which Byers had agreed to pay. Gano declined to pay this. Chisler and Stone then wanted to get the

casing. There was some talk about that, the particulars of which we shall not attempt to state; but as a result thereof Chisler and Stone brought an action in the district court of Reno county against Byers, Gano and Huffines for the conversion of the casing and for its value. That action has been to this court twice (121 Kan. 478, 247 Pac. 850, and 124 Kan. 200, 257 Pac. 929). Gano employed the defendant, F. S. Macy, as his attorney to represent him in that action. While that action was pending the 2,300 feet of casing in question which was in the well was pulled, and all of it lay on the racks or on the ground near the well for some time. Then it disappeared. Gano further employed Macy to attempt to locate it. Macy discussed the matter with Undersheriff Fay Brown and laid the matter before the county attorney, Mr. Aelmore. It is evident that from such information they had, the parties thought it possible the casing might have been taken back to the premises of Chisler and Stone at El Dorado, or that it might have been moved by some one to the Richardson location in Stafford county, where the defendant H. E. Randall and one Johnson had started a well. At any rate the county attorney executed an affidavit for a search warrant and filed the same before Terrance F. Cox, justice of the peace, at Hutchinson. Upon this a search warrant was issued purporting to authorize the sheriff to search for the missing casing at the premises of Chisler and Stone at El Dorado and the Richardson lease in Stafford county. No point is made in this case of the validity of this affidavit and search warrant under our constitution (Bill of Rights § 15) and statute (R. S. 62-1802, 62-1803), hence we pass that question. Under this purported search warrant Undersheriff Brown, accompanied a part of the time at least by Macy, made investigations and located the missing casing on the Richardson lease in Stafford county, found that it had been hauled there by G. W. Ford of El Dorado, an oil-well driller and the operator of trucks for the hauling of oil-well material, and that Ford had been employed to move the casing by the defendant, H. E. Randall, an oil-well operator who resided at Wichita. Brown made a return of the search warrant and filed it with the justice of the peace. Gano learned of this May 4. He called Randall at Wichita by telephone and asked him to come to Hutchinson and explain by what authority he had moved this casing. Randall went to Hutchinson the morning of May 5, and to Gano's office. Randall's first explanation was that he had some judgments against Haines in the district court of Reno county, and he thought

Chisler v. Randall.

that gave him a right to take anything from the O'Halloran lease
which Haines had left there. He further contended that he had an
agreement with Chisler and Stone by which they were to lease him
casing for the well on the Richardson location in Stafford county,
and further represented that he thought, or understood, that Ford
was the agent of Chisler and Stone and had hauled the casing for
them. But in any event he represented that he could see Chisler and
Stone and arrange to have the suit which had been brought by them
against Gano and others dismissed. Mr. Gano asked him if he
would be willing to make a statement in writing of the explanation
he made, and he said he would. Gano then called his attorney by
telephone, and Mr. Macy and the deputy sheriff, Mr. Brown, went
to Gano's office. There Mr. Macy dictated a statement, prompted
by Randall from time to time, of what he represented the facts to
be. Another statement in the form of a letter to Mr. Gano was
written and signed by Randall, in which he definitely agreed to have
the action for conversion brought by Chisler and Stone against Gano
and others dismissed with prejudice, and to pay the expense of the
search-warrant procedure within two days. Randall accompanied
Mr. Macy to the office of Mr. Cox, the justice of the peace, where
the statement he made concerning the finding of the casing was read
to him, he stated it was true and signed and swore to it before the
justice of the peace, and it was filed as one of the papers in the
search-warrant proceedings. A Mr. Welsh, a reporter for the Hutch-
inson *News*, dropped into the office of the justice of the peace, either
while Macy and Randall were there, or a little later, learned of the
affidavit, and examined it, thereafter had some talk with Mr. Macy
and the undersheriff, Mr. Brown, concerning it, and wrote an article
which appeared in the Hutchinson *News*. This article, either by
direct statement or by fair interpretation, connected Chisler and
Stone with the moving of the casing from the O'Halloran lease to
the Richardson location in Stafford county, and indicated that the
same was done surreptitiously and to gain some advantage in their
suit for conversion then pending in Reno county against Byers,
Gano and Huffines. The article, in so far as it relates to Chisler
and Stone having anything to do with moving the casing, is libelous
as to them, if false, and it was proved to be false.

The publication of this article in the Hutchinson *News* is the libel
complained of in this case. The petition alleges in substance that
Randall, Gano and Macy, conspiring together for the purpose of

defeating Chisler and Stone in the conversion action then pending, and to injure their good name in the community in which they lived and the territory in which they were known and transacted business, composed and caused to be published the libelous article in the Hutchinson *News*. It is further alleged that Macy was the agent of Gano in respect to the publication. This allegation of agency was denied under oath by Gano, and all material matters were put in issue by the answer.

These actions were filed in Sedgwick county, where service of summons was had upon Randall, who resided in Wichita, and summons was sent to and served by the sheriff of Reno county on Gano and Macy, who resided in Hutchinson.

It is first argued on behalf of Gano that the action was not the proper forum as to him. We do not regard it necessary to analyze and decide this question, in view of the conclusion we have reached upon another point raised.

Appellant contends that his demurrer to the evidence should have been sustained, that there was no evidence in the record that he had anything to do with the publication of the libelous article, or that he talked with or conspired with anyone concerning it, and no evidence that Macy was his agent with reference to such publication. This contention must be sustained, and it is decisive of this appeal.

Randall, it appears, is a man who has no regard for his word or even for his oath. All of the statements about Chisler and Stone having any part in moving the casing from the O'Halloran lease, or Ford being the agent of Chisler and Stone, made by Randall to Gano and incorporated in the affidavit dictated by Macy on the statements of Randall, and suggested and prompted by Randall, and sworn to by Randall before the justice of the peace after being then read to him, proved to be false. In this case Randall testified they were false, and other evidence at this trial thoroughly establishes that they were false. But there is nothing in the record tending to show that Gano prompted or had anything to do with making these false statements, or that he had any intimation at the time that they were false. Gano was then defendant in an action for the value of this casing, predicated on the theory that he had converted it to his own use. When the casing mysteriously disappeared it was natural and proper for him to make inquiry as to what became of it, who took it and by what authority. When he learned that Randall had

Chisler v. Randall.

something to do with moving the casing he sent for Randall and let him tell his story, and suggested that he put it in writing, which Randall was willing to do. There is quite a little said in the argument as to whether this affidavit, made by Randall and filed with the justice of the peace in the search-warrant proceeding, was a privileged communication. It is argued on behalf of appellant that when a search warrant issued for the search of stolen property is returned, the magistrate, under R. S. 62-1807 to 62-1813, has other duties to perform, which include conducting hearings with reference to disposition of the property, hence that the statements made in this affidavit were proper to be filed in that case and became a part of the court proceedings, and were therefore privileged. On the other side, it is argued that the search-warrant proceedings were closed by the return made by the undersheriff on May 4. We are not called upon in this case to decide whether the statements made in this affidavit are privileged. The actions for damages in these cases are not based upon this affidavit, nor the fact that it was filed with the justice of the peace. They are predicated upon the article published in the Hutchinson *News*. The matters relating to this affidavit and its filing get into this case only as a part of the history leading up to the publication complained of. There is no evidence in this case that Gano had anything to do with the publication of the article in the newspaper, or that anyone ever spoke to him about such publication, or that he knew that any publication concerning the matter was to be made. Mr. Welsh, who testified on behalf of plaintiffs concerning the preparation and publication of the article complained of, says that he wrote the article himself, that he got the information from the affidavit filed in the search-warrant proceedings, and that was furnished to him by Mr. Cox, the justice of the peace; that thereafter he talked with Undersheriff Brown, and also with defendant Macy, but from him learned no more of the connection of Chisler and Stone with removing the casing than the affidavit disclosed.

It is argued on behalf of appellees that Mr. Welsh, having talked to Macy and from him learned something of the facts included in the libelous article, and Macy thereby learning that an article would likely be published in the newspapers concerning the matter, together with the fact that Macy was attorney for Gano in the action brought against him for conversion of the casing and in the search-warrant

proceeding, that Gano is thereby bound by the libelous matter in the publication. That result does not follow under the evidence in this case. An attorney employed to conduct litigation is agent for his client in matters respecting the litigation only. (6 C. J. 637; *McNeal v. Gossard*, 68 Kan. 113, 74 Pac. 628.) The client is not responsible for unauthorized defamatory communications made by his attorney (37 C. J. 14), and certainly not for those made outside the scope of his employment (6 C. J. 638). Plaintiffs alleged that Macy was the agent of Gano with respect to the libelous publication. That allegation of agency was denied by Gano under oath, hence the burden was upon plaintiffs to produce some substantial evidence to sustain that allegation. They produced no evidence to sustain it other than the fact that Macy was the attorney employed by Gano in defense in the action for conversion of the casing and in the search-warrant proceeding, and this, under the authorities above cited, is wholly insufficient to establish the fact that Macy was Gano's agent in respect to the libelous publication.

Appellees argue that a conspiracy may be shown by circumstantial evidence, that from the nature of a conspiracy it is often difficult to get direct evidence. This is true, but that fact does not dispense with evidence. If a conspiracy, or any other essential matter in a case, is established by circumstantial evidence, there must be substantial evidence of circumstances from which it necessarily follows, or at least is reasonable to infer, that such conspiracy or material matter existed. There is no such substantial evidence here. The real proof is that Gano knew nothing about any publication concerning the matter until after it was made. It was argued that Gano should have suspected that if the Randall affidavits were filed with the justice of the peace a newspaper reporter might see it and write a story concerning it. Perhaps it is a complete answer to that to say the question of what was done with that statement, whether it was filed in the justice of the peace court, Gano left to his attorney, as any client leaves such matters to his attorney. But a more forceful answer to it is that we do not render damages on theories of that character. When a substantial sum—here about $35,000—is to be taken from the property of one man and given to others, there must be a substantial reason for it. It cannot be predicated on suspicion, theories and conjecture.

The result is that there is no substantial evidence on behalf of

plaintiff to establish Gano's responsibility for the publication of the article in the Hutchinson *News.* His demurrer to plaintiff's evidence should have been sustained.

The judgment of the court below is reversed with directions to enter judgment for defendant Gano.