No. 27,554.

HARRY L. CHISLER and WILBUR E. STONE, *Appellants*, v. U. E. L.
BYERS et al., *Appellees*.

(265 Pac. 743.)

OPINION ON REHEARING.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion on rehearing filed April 7, 1928. Former opinion adhered to. (For original opinion of affirmance see 124 Kan. 200.)

*Carr W. Taylor,* of Hutchinson, and *F. J. Oyler,* of Iola, for the appellants.

*F. Dumont Smith, Eustace Smith* and *Arthur T. Symns,* all of Hutchinson, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: This litigation is first shown in this court in 121 Kan. 478, 247 Pac. 850, where a judgment which had been rendered in favor of the defendant Gano on his demurrer to the evidence of the plaintiffs was reversed. In the syllabus the court said:

"The owners of some casing leased it for ninety days. The lessee used it in a well which he was drilling under contract, but which he later abandoned, making a settlement with the owner of the well, in the course of which he told who owned the casing. The ninety days having expired, the owners of the casing demanded it of the owner of the well, who refused to consent to their taking it except on condition they would not injure the well in removing it, saying it was theirs and they could go and get it, but if they pulled it he would sue them for damages. It is held that upon a showing of these facts in an action brought by them for conversion a demurrer to the evidence should have been overruled."

It was not there decided that the evidence showed a conversion of the property; it was decided that the evidence compelled its submission to the triers of fact to determine, under proper instructions, whether or not there had been a conversion of the property. That was all that was then before this court, and that was all that was then decided. To that extent that decision became the law of this case and is now controlling.

The cause was remanded to the district court for a new trial. It was tried and resulted in a verdict and judgment in favor of defendant Gano. From that judgment the plaintiffs appealed, and an opinion affirming the judgment is found in 124 Kan. 200. A rehearing has been granted. The cause has been again briefed and submitted.

Appeal and Error, 4 C. J. p. 1111 n. 81.

Some of the differences between the evidence introduced on the first trial and that introduced on the last one were pointed out in the second opinion. The provision of the contract between Byers and Gano which concerned the right of Byers to remove the pipe furnished by him should be noticed. It is set out in the former opinion and need not be here repeated.

When the plaintiffs demanded the pipe, the well had not been completed to a depth of 3,500 feet. The pipe was in the well without fault on the part of Gano. He had arranged with Byers for the use of the pipe in completing the well. There was evidence which tended to prove that when Gano did that he did not know that the pipe belonged to the plaintiffs.

The judgment of affirmance is adhered to.

HARVEY, J., dissenting.