## RAHN v. SEARCHLIGHT MERCANTILE COMPANY

No. 3111

September 12, 1935.                    49 P. (2d) 353.

*A. A. Hinman,* for Appellant:

*Leo A. McNamee* and *Frank McNamee, Jr.,* for Respondent:

## OPINION

By the Court, DUCKER, C. J.:

The Searchlight Mercantile Company, a corporation, instituted this action for unlawful detainer. The defendants employed as their attorney in the litigation one W. H. Metson, an attorney having offices in San Francisco, Calif. Later they also employed in the litigation Guy E. Baker, H. M. Morse, and C. D. Breeze, attorneys resident in the judicial district. Metson had charge of the defense.

On November 29, 1933, defendants, through attorneys Baker & Breeze, instituted removal proceedings and the case was removed to the district court of the United

States for the District of Nevada on December 1, 1933. A motion to remand was heard in that court and by order thereof the case was remanded to the court in which it was commenced. On December 1, 1933, there was filed in that court the following stipulation: "It is hereby stipulated by and between plaintiff above named and the defendants Louis Rahn and Edith M. Rahn, that said defendants have to and including December 1, 1933, in which to answer or otherwise plead to the complaint on file herein. Leo McNamee, Frank McNamee, attorneys for plaintiff, Guy E. Baker, attorney for defendants." The stipulation was dated November 24, 1933.

On March 12, 1934, the lower court rendered and entered judgment for unlawful detainer against the defendants.

On September 1, 1934, the defendant, Louis Rahn, served and filed a notice of a motion to be heard on the 8th of September, 1934, to set aside and vacate the default and judgment upon the ground that the court was without jurisdiction of the person of said Louis Rahn. The affidavit of the latter filed in support of his motion reads: "That he is one of the defendants in the above entitled action; that he was never served with summons therein; that he never appeared in said action either in person or by attorney and that he never authorized Guy E. Baker, C. D. Breeze and H. M. Morse, attorneys at law, or any of them, or any other attorney or person to appear for affiant, or to file any pleading or pleadings, stipulation or stipulations, or any other paper in said action on his behalf."

The hearings on said motion proceeded from time to time. It was contended thereon by appellant (1) that the stipulation extending time to plead was contrary to express instructions, and did not constitute a general appearance by him, and (2) that the purported service of summons by publication upon him was void and of no effect.

It was stipulated at said hearing "that the argument

might proceed upon the first contention and stand submitted; provided, that in the event the decision of the court was in favor of said defendant upon said first contention, the hearing of said motion would then proceed upon said second contention."

On December 28, 1934, the court entered an order denying the motion, and on request of the movant, Louis Rahn, the court filed a written decision thereon. The appeal is from said order. In the written decision the court said: "The evidence established that Mr. Baker was employed as counsel in the case. He was authorized to act under the direction of Mr. Metson, an attorney of San Francisco. Directions given by Mr. Metson would have the same legal effect as if given by the client insofar as the result of the appearance is concerned. The most that can be said from the evidence adduced is, that Mr. Baker may have acted in excess of the authority given. Even though he did so act, the client is bound. The cases clearly distinguish between excess of authority and entire lack of authority. (Citing cases.) There was no lack of authority in the case. By entering into the stipulation, Mr. Baker entered a general appearance for his client, Louis Rahn, who is bound thereby."

We are inclined to the conclusion reached by the trial court. The evidence adduced at the hearing, it is true, discloses that Baker was employed by Rahn to act as attorney for the defendants in the litigation under the direction of Metson, who had full charge and general supervision of the defense. It is likewise true that Metson did not direct Baker to execute and file the stipulation in question. The former did, however, by telegram of date November 21, 1934, direct Baker as follows:

"Guy E. Baker, Attorney, Boggs Bldg., Las Vegas, Nevada. Today last day for appearance if three days in summons is correct. If correct please get order without appearance extending time so application for change can be made so as not to waive the right of appearance.　　　　　　　　　　　"W. H. Metson."

The intention of the sender that Baker was to avoid an appearance and at the same time preserve defendants' right to apply for a removal is manifest. However, there is nothing to indicate that Baker acted in bad faith. It appears from the record that his time was limited in which to take action. He testified that he believed that a valid service of summons had been made on Rahn by publication, otherwise he would not have entered into the stipulation; that it was a situation that arose hurriedly and it was necessary to take the step immediately or default judgment would have been entered; that it was a question of acting quickly on his own responsibility. Under such circumstances, Baker being an attorney for the defendant and having been directed by Mr. Metson to act in the matter, we are impelled to regard the action taken by him as merely in excess of authority, and which resulted in a general appearance. This conclusion is in accord with the weight of authority. Hendrickson v. Hendrickson, 15 N. J. Law, 102–106; Harshey v. Blackmarr et al., 20 Iowa, 161–187, 89 Am. Dec. 520; McNeal v. Gossard, 68 Kans. 113, 74 P. 628; Kramer v. Gerlach, 28 Misc. 525, 59 N. Y. S. 855; Collier v. Falk, 66 Ala. 223; 2 Ency. Pl. & Prac., p. 692.

Defendant places some reliance upon the case of Stanton-Thompson Co. v. Crane, 24 Nev. 171, 51 P. 116, but it is not in point. The attorney who entered the appearance of the respondent in that case had never been employed by them and had no authority whatever from them. He was therefore a stranger to the litigation.

As the court had jurisdiction of the person of said defendant Rahn, it is ordered that the order of the lower court be and the same is hereby affirmed.

### ON PETITION FOR REHEARING

November 5, 1935.

*Per Curiam:*

Rehearing denied.