**ARBUCKLE WILDERNESS, INC., an Oklahoma corporation; and Gerald D. Hagee, an individual, Plaintiffs,**

v.

**KFOR–TV, Inc., a Michigan corporation, Defendant.**

**No. Civ–92–2063–A.**

United States District Court,
W.D. Oklahoma.

March 29, 1993.

Order on Sanction Amounts June 14, 1993.

Gary L. Richardson, Kevon V. Howald, Richardson & Stoops, Gregory G. Meier, Tulsa, OK, for plaintiffs.

Robert D. Nelon, Laura B. Hood, Michelle Johnson, Andrews Davis Legg Bixler, Milsten & Price, Oklahoma City, OK, for defendant.

## ORDER

ALLEY, District Judge.

This stated as a defamation action in which plaintiffs Arbuckle Wilderness, Inc. and Gerald D. Hagee ("the plaintiffs") initially alleged that a series of news stories broadcast by defendant KFOR–TV in December 1991 and January 1992 injured their reputations.[1] On December 17, 1992, Mr. Gregory G. Meier, counsel for the plaintiffs, filed an Application For Leave Of Court To Amend Complaint And Brief In Support and an Amended Complaint, proposing to add Dr. Robert Hartin and Mr. Mark Mesesan to the action as defendants. As the addition of Dr. Hardin would have defeated federal diversity jurisdiction, Mr. Meier simultaneously filed a motion to remand the case back to state court.

---

1. The suit was initially filed on September 23, 1992, in the District Court of Oklahoma County, State of Oklahoma and removed to this court on October 19, 1992. KFOR–TV answered the initial complaint, admitting that it broadcast a series of news stories concerning the presence of animal tuberculosis in elk and other animals at Arbuckle Wilderness Park but denying that the reports were false and defamatory or otherwise actionable. KFOR–TV has responded to the plaintiffs' first request for production of documents, and has served its first interrogatories and document requests on the plaintiffs.

On February 11, 1993, this Court held a hearing on the adequacy of factual investigation and legal research concerning the proposed amended complaint and motion to remand. The Court determined that an imposition of sanctions against Mr. Meier might be warranted, and on February 17, 1993, ordered Mr. Meier to show cause not later than March 3, 1993, why, in view of the representations made by Mr. Meier, the Court should not hold him in violation of Fed.R.Civ.P. 11 for failure to conduct adequate factual inquiry in support of the allegations of conspiracy contained in the proposed amended complaint. The matter is presently before the Court on Mr. Meier's timely Response To Order To Show Cause Why Sanctions Should Not Be Imposed.

## FACTS

The facts here establish that Dr. Hartin is the State Veterinarian for the State of Oklahoma and the Director of the Animal Industry Services Division of the State Department of Agriculture. Mr. Mesesan is the former reporter at KFOR–TV who reported most of the Arbuckle Wilderness stories that were broadcast in December 1991 and January 1992. The proposed amended complaint filed by Mr. Meier on December 17, 1992, sought to join Dr. Hartin and Mr. Mesesan as party defendants, and to add a cause of action against them on the grounds that:

14. Defendant McSessin [sic],[2] KFOR–TV and Dr. Hardin [sic] have participated and are participating in a long standing conspiracy to abuse, discredit and vilify Plaintiff Hagee because of his business reputation, and Defendants intended to damage Plaintiff Hagee's reputation by casting suspicion upon his venture Arbuckle Wilderness, Inc. with their newscasts concerning the animals' tuberculosis. Said conspiracy is practiced and continued for the purpose of driving Plaintiff Hagee out of business and interfering with the proper sale of Arbuckle Wilderness, Inc.

As part of said continuing plans and conspiracy and willful and malicious mo-

tives, Defendant McSessin [sic], Defendant KFOR–TV and Defendant Dr. Hardin [sic], did cause to be published the shameful defamation on Defendant KFOR–TV station. Defendant McSessin [sic] negligently investigated the information provided by Defendant Dr. Hardin [sic] and prepared a series of malicious news broadcasts, which were negligently "aired" by Defendant KFOR–TV, all in an effort to drive Plaintiff Hagee out of business.

Proposed Amended Complaint at ¶ 14. The proposed amended complaint also states that the alleged conspiracy was "formed with the malicious, wilful and wanton intent of driving Plaintiff Hagee out of business." Proposed Amended Complaint at ¶ 16. In its response to the proposed amended complaint, KFOR–TV admitted that Mr. Mesesan was an employee at the relevant times and thus did not object to his joinder. KFOR–TV did, however, object to the joinder of Dr. Hartin.

At the February 11, 1993, hearing, the Court questioned Mr. Meier as to what legal and factual inquiry, if any, he had made with respect to the conspiracy allegation as to Dr. Hartin and Mr. Mesesan. Mr. Meier virtually conceded that he had no evidence of a conspiratorial agreement that would support his conspiracy theory. The Court therefore ordered Mr. Meier to show cause why sanctions pursuant to Rule 11 should not be imposed for failure to conduct adequate factual inquiry in support of the allegations of conspiracy contained in the proposed amended complaint.

Mr. Meier's response to the Court's order to show cause why sanctions should not be imposed argues that it was reasonable given the facts known to the plaintiffs and Mr. Meier at the time that Dr. Hartin conspired with KFOR–TV to defame the plaintiffs. Response at 9. Mr. Meier reiterated the facts of the case and stated that it was only after he

acquired documentary evidence that Dr. Hartin lifted the ban on the interstate shipment of ratites unrelated to any medical or veterinary reasons but only related

---

**2.** The Court specifically notes that Mr. Meier misspelled Mesesan and Hartin throughout his proposed amended complaint.

to the sale of Arbuckle Wilderness that, coupled with the information that Dr. Hartin had been in communication with KFOR–TV during the time of the defamatory broadcasts and in conjunction with the other information counsel had, was this Amended Complaint prepared.

Response at 10. KFOR–TV has not filed a response thereto.

## DECISION

■ Under Rule 11, the signer of a complaint or other pleading certifies that he has conducted a "reasonable inquiry" into the factual and legal basis for the filing, and that the substance of the pleading is well grounded in fact and law.[3] *Coffey v. Healthtrust, Inc.,* 955 F.2d 1388, 1393 (10th Cir.1992). The Court applies an objective standard in making Rule 11 determinations and considers whether a reasonable and competent attorney would believe in the merits of an argument. *Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am.,* 935 F.2d 1152, 1155 (10th Cir. 1991). If an attorney does not conduct the requisite "reasonable inquiry," sanctions are not only justified but must be imposed. *See* Fed.R.Civ.P. 11 (emphasis added) ("[i]f a pleading ... is signed in violation of [Rule 11], the court ... *shall* impose upon the person who signed it ... an appropriate sanction...."); *Marley v. Wright,* 137 F.R.D. 359, 367 (W.D.Okla.1991), *aff'd,* 968 F.2d 20 (10th Cir.1992).

■ In this case, Mr. Meier filed an application for leave of court to amend complaint and an amended complaint seeking to add Dr. Hartin and Mr. Mesesan as party defendants on the grounds that they "conspired" to defame and tortiously injure the plaintiffs' business interests. However, Mr. Meier admitted at the hearing, and, indeed, his proposed amended complaint reflects, that prior to filing the amended complaint with this Court, Mr. Meier conducted inadequate research into the factual and legal bases of his

conspiracy claim—in an attempt at what the Court construes as filing now and discovering later. *See Redmond v. City of Overland Park,* No. 86–2217, 1987 U.S.Dist. LEXIS 12633, at *7 (D.Kan. Dec. 15, 1987) ("[I]f Rule 11 is to have any meaning, this shotgun approach to pleading 'where the pleader heedlessly throws a bit of everything into his complaint in the hopes that something will stick' must be discouraged." (quoting *Rodgers v. Lincoln Towing Serv.,* 596 F.Supp. 13, 27 (N.D.Ill.1984), *aff'd,* 771 F.2d 194 (7th Cir.1985))). *See also Business Guides, Inc. v. Chromatic Communications Enters., Inc.,* 498 U.S. 533, 542–544, 111 S.Ct. 922, 929, 112 L.Ed.2d 1140 (1991) (A signature on a pleading certifies the party "has conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well-grounded in both...."); *accord Coffey,* 955 F.2d at 1393. Mr. Meier's filing in this Court under such circumstances constitutes a violation of Rule 11.

Furthermore, civil conspiracy under Oklahoma law is defined as "a combination of two or more persons to accomplish by concerted action, some unlawful objective by either lawful or unlawful means." *Wright v. Cies,* 648 P.2d 51, n. 2 (Okla.Ct.App.1982). To constitute a conspiracy in Oklahoma,

> there must be a meeting of the minds on the course of action, coupled with an intent to commit the [unlawful] act which results in the injury. The agreement is a matter of inference from the facts and circumstances of the alleged conspirators. The question is whether the circumstances, considered as a whole, show that the parties united to accomplish the [unlawful] scheme.

*Shadid v. Monsour,* 746 P.2d 685, 689 (Okla.Ct.App.1987). *See also Dill v. Rader,* 583 P.2d 496, 499 (Okla.1978) (" 'In order to establish a conspiracy evidence must be produced from which a party may reasonably infer the joint assent of the minds of two or

---

**3.** The signature of an attorney on the complaint or other pleading in a suit in federal court constitutes a certificate that:

> to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the

extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Fed.R.Civ.P. 11.

more parties to the prosecution of the unlawful enterprise.'" (quoting 12 C.J. 639))). "[T]o make out a prima facie case of conspiracy, the evidence must be (1) clear and convincing and (2) such evidence must do more than raise suspicion—it must lead to belief." *Id.* at 499 (emphasis omitted).

The record here is devoid of any factual basis found suggesting that there was a meeting of the minds between Dr. Hartin, Mr. Mesesan and KFOR–TV to defame and tortiously interfere with the plaintiffs' business interests. Mr. Meier knew of no facts, even without regard to a clear and convincing standard, indicating that there was an agreement between them to defame or tortiously injure the plaintiffs. *See Id.* (" 'In order to prove a conspiracy by circumstantial evidence, there must be substantial proof of circumstances from which it necessarily follows, or at least may be reasonably inferred, that the conspiracy existed. It cannot be established by conjecture and speculation alone.'" (quoting *Chisler v. Randall,* 124 Kan. 278, 259 P. 687 (1927))). Had Mr. Meier conducted adequate legal and factual research prior to the filing in this Court, he would have discovered the meeting of the minds requirement, and the lack of facts to prove that element. Nothing in Mr. Meier's response to the Court's order to show cause persuades the Court that this was done in this case.

▇ The Court concludes that Mr. Meier's inquiry into the factual an legal bases of the claims pled in the proposed amended complaint was insufficient. While sanctions in this Court are rendered rarely and reluctantly, the Court finds that they are appropriate in this case. The Court has wide discretion in fashioning sanctions to fit the facts presented here, and will sanction Mr. Meier only to the extent necessary to deter future abuses. As there is not now before the Court information from which to fashion an appropriate sanction, a hearing will be held on this issue. Mr. Meier is invited to file a brief

addressing what specific sanction the Court should impose, not later than April 13, 1993. Counsel for the defendant is invited to file a response not later than April 20, 1993.

### CONCLUSION

For the foregoing reasons, the Court finds that Mr. Meier's December 17, 1992, filing of the Application For Leave Of Court To Amend Complaint And Brief In Support and Amended Complaint was in violation of Rule 11, and imposition of sanctions against Mr. Meier is mandated. The Court's ruling on the nature of the sanctions that will be imposed is reserved until counsel submit their respective briefs as described above.

It is so ordered.

### *ORDER ON SANCTION AMOUNTS*

On March 29, 1993, this Court issued an Order addressing whether sanctions pursuant to Fed.R.Civ.P. 11 should be imposed against Gregory G. Meier, counsel for plaintiffs Arbuckle Wilderness, Inc. and Gerald D. Hagee ("plaintiffs") in the above entitled and numbered cause. The Court held that Mr. Meier's December 17, 1992, filing of plaintiffs' Application For Leave Of Court To Amend Complaint And Brief In Support and Amended Complaint, proposing to add Dr. Robert Hartin and Mr. Mark Mesesan as defendants, was in violation of Rule 11. The Court found that an imposition of sanctions against Mr. Meier was mandated, and reserved ruling on the specific sanction until Mr. Meier and counsel for defendant KFOR–TV, Inc. ("defendant") submitted briefs addressing the issue. Presently before the Court are the responsive briefs filed by Mr. Meier and counsel for defendant pursuant to the Court's March 29, 1993, Order.

▇ In determining the appropriate amount of a Rule 11 [1] sanction, the Court considers the purposes of such sanctions. "Rule 11 sanctions are meant to serve sever-

---

1. Rule 11 provides in pertinent part:
   If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose ... an appropriate sanction, which may include an order to pay to the other party or parties the
   amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.
   Fed.R.Civ.P. 11.

al purposes, including (1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management." *White v. General Motors Corp., Inc.*, 908 F.2d 675, 683 (10th Cir.1990), *cert. denied,* 498 U.S. 1069, 111 S.Ct. 788, 112 L.Ed.2d 850 (1991). Deterrence, however, is the primary goal of Rule 11 sanctions. *Id.; Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). Four factors guide the Court's discretion: (1) the reasonableness of the proposed sanction; (2) the minimum amount necessary to deter; (3) the offender's ability to pay; and (4) the offending party's history, experience and ability, and the severity of the violation. *White,* 908 F.2d at 684–85.

Mr. Meier's response brief, which was filed with the Court on April 13, 1993, does not address what specific sanction Mr. Meier views as warranted. Rather, Mr. Meier reiterates his belief that he conducted a reasonable factual inquiry prior to filing the amended complaint that is at issue in this case. Mr. Meier states:

> Counsel concedes that he did not have direct evidence of every element of a *prima facie* case of conspiracy sufficient to take to [sic] such a case to the jury at the time the Proposed Amended Complaint was filed. Counsel advises the Court that he did not understand that the criteria was required now. Counsel believed that through the utilization of the discovery process additional evidence could be acquired and additional witnesses identified to supplement the circumstantial evidence Plaintiff was aware of to establish a *prima facie* case.

Meier's Response at 5. The Court is unpersuaded by Mr. Meier's arguments at this time, as the Court has already expressly ruled that sanctions will be imposed here. ■ Defendant's response brief suggests that the Court sanction Mr. Meier in an amount equal to the attorneys' fees defendant has expended in: (1) responding to the amended complaint and motion to remand filed simultaneously therewith, and (2) briefing the sanctions questions pursuant to the Court's direction and appearing at the Court's February 11, 1993, hearing. Defendant has presented a table reflecting the time spent by its counsel in so responding. In total, defendant's counsel spent 27.6 hours on matters related to the issues involved herein. Counsel Robert D. Nelon spent 10.3 hours at a billable rate of $180.00 per hour. Counsel Laura B. Hood spent 12.5 hours at a billable rate of $85.00 per hour. Counsel L. Michelle Johnson spent 4.8 hours at a billable rate of $75.00 per hour. All totalled, defendant expended $3,276.50 in legal fees in responding to Mr. Meier's amended complaint and the issues raised thereby.

The Court finds that under all the facts and circumstances of this case, sanctioning Mr. Meier $3,276.50, representing the reasonable amount defendant incurred in attorneys' fees due to Mr. Meier's violation of Rule 11, is the minimum amount necessary to deter Mr. Meier from further inappropriate conduct. The amount of time expended by defendant's counsel was reasonable. Additionally, rates of $180.00 per hour for Mr. Nelon, $85.00 per hour for Ms. Hood, and $75.00 per hour for Ms. Johnson are reasonable and customary for this area. Mr. Meier has presented no evidence that he is unable to comply with such a sanction.

In sum, Mr. Meier is ordered to pay $3,276.50 to defendant, representing the reasonable amount defendant incurred in attorneys' fees due to Mr. Meier's violation of Rule 11. As detailed in the Court's prior Order, Mr. Meier conducted insufficient factual and legal investigation as to the validity of plaintiff's claims against Dr. Hartin and Mr. Mesesan prior to filing the amended complaint and application in support thereof in this Court. Such conduct by Mr. Meier, who with his experience certainly had reason to know better, will not be tolerated. The instant reprimand emphasizes that Mr. Meier, even in the responsive brief presently before the Court, persists in the fallacy that an attorney may file a case in federal court without any factual basis resting on a reasonable investigation, and hope for the best in discovery. This is sanctionable conduct, and in this case, it is especially aggravating in view of the fact that Mr. Meier was attempt-

ing to add two new defendants even though Mr. Meier was unable to correctly spell the names of these proposed defendants.[2] The Court's irritation is further justified by Mr. Meier's obvious purpose of destroying the federal diversity jurisdiction that was the basis of the removal to this Court.

It is so ordered.

---

**2.** Mr. Meier misspelled Mesesan and Hartin throughout his proposed amended complaint.