THE KANSAS MILL OWNERS' & MANUFACTURERS' MUTUAL FIRE INSURANCE COMPANY v. H. RAMMELSBERG et al.

### No. 10107.

IMPEACHING WRITTEN INSTRUMENT—*for fraud in procuring it, evidence must be clear, decided, and satisfactory.* The written instrument of a person, entered into by him with another, and on which contractual rights between the two are founded, cannot be impeached by such person, upon the ground that he had been fraudulently induced to execute it, by slightly more evidence than is adduced in its support. In such case the evidence of fraud should be clear, decided, and satisfactory; and it is error to instruct that the preponderance of evidence "need only be slight," so that the jury "are enabled to say there is a little more evidence upon one side than upon the other."

Error from Ellsworth District Court. Hon. W. G. Eastland, Judge. Opinion filed October 9, 1897. *Reversed.*

*W. W. Nevison,* for plaintiff in error.
*Ira E. Lloyd,* for defendants in error.

DOSTER, C. J.  L. H. Westerman and H. Rammelsberg were the owners of a policy of insurance, issued by the plaintiff in error, on their mill building and machinery and millers' stock.  Westerman sold his interest in the insured property, and assigned his interest in the policy, to Rammelsberg.  The terms of the insurance contract provided for notice to the Company of transfers of the property, and the ratification by it of assignments of the policy.  As a condition to giving its assent to the assignment in question, the plaintiff in error required Rammelsberg to make a new application for the insurance.  This he agreed to do.  The secretary of the Company wrote the application, copying the old one verbatim, except that the answer to the question : "Do you agree to keep a watchman on the premises at all times when not in operation?" was written "yes," instead of "no," as in the old instrument.  There is a conflict of testimony as to whether the secretary presented this new application to the insured in person, and told him that it was in all particulars a copy of the old one, or whether he sent it to him by mail, without calling his attention to the change.  It was signed by him without reading, as he testified, and was returned to the secretary, whereupon the Company's assent to the assignment was given.  The insured property was subsequently burned, at a time when the mill was not in operation and when there was no watchman on the premises.  Suit was brought for the recovery of the loss.  The Company defended upon the ground of failure to comply with the agreement, in the application, to keep a watchman on the premises.  For reply,

it was averred that no such agreement had been made, and if the answer to the question had been written, "yes," it was so written and signed by mistake. However, the issue upon the trial, as developed by the evidence, assumed the form of a charge of fraud in procuring the signature of the insured to the changed application; and was so stated and defined by the court in its instructions to the jury. A verdict was returned and judgment rendered against the Company, to reverse which judgment it prosecutes error to this court.

The only claim of error necessary to be noticed is based upon an instruction given to the jury. The plaintiff having alleged that his signature to the changed form of application was fraudulently procured, the court instructed that the burden was upon him " to satisfy the jury, by a preponderance of evidence, that any answer to any question in such application was procured by fraud." This statement of law was repeated in a different form in another part of the instructions, and, elsewhere, the court explained the *quantum* of evidence necessary to discharge the burden, in the following language : "You are instructed that the preponderance in any case need only be slight, so that you are enabled to say, there is a little more evidence upon one side than upon the other." The question for determination is, whether a jury should be instructed as matter of law that a bare preponderance, a slight overbalancing, of evidence, is sufficient to justify the cancellation or rejection of a written instrument between parties, upon the ground that one of them had been fraudulently entrapped into its execution.

In all civil actions, the party asserting the affirmative of an issue is entitled to prevail upon the production by him of a preponderance of evidence ; but, in

cases where fraud in the execution of written instruments is charged, the question may well arise : How greatly must the evidence of such fraud preponderate? Will the overbalancing of the scale by so much as a hair's weight suffice? or must the excess be decided, convincing, and satisfactory? Considering that honesty and fair dealing are always presumed, and that fraud must always be proved, and that the writings of parties are supposed to fully and correctly set forth their engagements, it cannot be that a barely appreciable overweight of evidence is sufficient to overcome such presumptions, together with the testimony of witnesses fortifying the same, convict one of the parties of moral turpitude, and set aside his deliberately executed agreements. It is true that the law in such cases requires nothing but a preponderance of evidence, but it requires that preponderance to be great enough to overcome all opposing evidence and repel all opposing presumptions. In order to do so, it should be of such weight and cogency as to satisfactorily establish the wrongful conduct charged. The authorities are uniformly to this effect, and it will be sufficient to cite only the approved text-books, where the statement of the rule will be found together with citations in its support. Wharton on Evidence, Vol. 2, §§ 932, 1019 ; Rice's Evidence, Vol. 1, page 302 ; Pomeroy's Equity Jurisprudence, Vol. 2, §§ 859–862.

The application for insurance in this case constitutes part of the insurance contract. It is the instrument solely of the insured, in the sense that its execution is solely his act. The cases cited by defendant in error, which hold that representations in applications for insurance written by the Company's agents do not estop the insured, are apart from the question for consideration. That question does not

relate to estoppel or agency but to proof of fraud.   It may be conceded, to the fullest extent, that the secretary of the plaintiff in error, in writing the application for defendant in error, acted for his Company and not for the insured.   It nevertheless remains that the application, when signed, was the instrument of the insured, and to be avoided the same way as any other instrument he might have been fraudulently induced to sign.

The refusal of the court to give part of a certain instruction is criticized by plaintiff in error, but, we think, without good grounds.

For error in instructing the jury that the written application for insurance could be impeached by slightly stronger evidence than that adduced in its support, the case is reversed and a new trial ordered.