## ELLIOTT v. MERRIMAN *et al.*

No. 4164.   Opinion Filed July 13, 1915.

(150 Pac. 695.)

1.   QUIETING TITLE—Fraud — Proof — Presumption. In cases where fraud is alleged in the procuring of the execution of written instruments or deeds, the proof must sustain the allegations by a preponderance of the evidence so great as to overcome all opposing evidence and repel all opposing presumptions. It should be of such weight and cogency as to satisfactorily establish the wrongful conduct charged; honesty and fair dealing, as a rule, being presumed.

2.   DEEDS—Fraud—Sufficiency of Evidence. Evidence examined and held, not sufficient to sustain the allegations of the petition.

(Syllabus by the Court.)

*Error from District Court, Seminole County;*
*Tom D. McKeown, Judge.*

Action by J. L. Elliott against C. L. Merriman and another.   Judgment for defendants, and plaintiff brings error.   Affirmed.

*J. A. Baker,* for plaintiff in error.

*John W. Willmott,* for defendants in error.

KANE, C. J.   This was a suit to quiet title to certain lands, commenced by the plaintiff in error herein, plaintiff below, against the defendants in error herein, defendants below.   Upon the close of the plaintiff's evidence, the trial court sustained a demurrer thereto, and entered judgment in favor of the defendants, to reverse which this proceeding in error was commenced.

The subject of the suit is the allotted lands of Rebecca Street Davis, a Seminole freedman, and all parties, plaintiff and defendant, deraign their alleged title from her.   At the trial there were nine deeds introduced in evidence.   The deeds by which the defendants claim title are admittedly prior in date to the deeds of the plaintiff in

error.   It appears that the plaintiff had actual notice of the execution of the prior deeds at the time he took his conveyance, but from certain information he had received from his grantor, Rebecca Street Davis, and her kinsmen, he was under the impression that the prior deeds were executed by her while she was still under the age of 18 years, and were therefore void.   In his petition, however, in addition to setting up the infancy of Rebecca Street Davis to defeat the prior deeds, he also alleges that they were procured by fraud.   In this court the charge of infancy has been abandoned by the plaintiff, and the sole remaining question is whether, admitting the truth of all the evidence adduced by the plaintiff, together with such inferences and conclusions as may be reasonably drawn from it, there is enough competent evidence to reasonably sustain a finding of fraud on the part of the defendants in the procurement of their conveyances.   This is the premise taken by counsel for plaintiff in error in his brief.   In his argument in support of this position counsel dwells eloquently and at considerable length upon the iniquity of despoiling this ignorant, stupid, and almost idiotic freedman of her land.   In part he says:

"There may be something else besides moral depravity in taking this poor, ignorant, down-trodden, oppressed girl's land, under the facts and reasonable deductions therefrom in this case, but for the life of me I cannot see it.   The courage of the man who will take his pistol in his hand and walk into a bank and hold up the cashier and take the money is a little to be admired.   The same may be said of the man who holds up a train and robs the mail and express.   The cunning and craftiness of the man who loots a trust company and takes the superfluous money and securities of the rich may have something to palliate the wrong and make it less hideous.   But pray tell me what can be said in extenuation of the man who, by fraud and forgery, takes from the poor, hungry, naked, mental imbecile?   It requires no courage, no cunning or craftiness—if the judgment in this case stands, he is up-

held by the law. It has only required moral depravity to reach out and gather in everything this poor girl had given to her by the Seminole Indians."

The principal evidence relied upon to establish fraud on the part of the defendants is that tending to show that they paid the allottee in each case a very small proportion of the actual value of her lands as consideration for the various transfers. It is probably true that none of her grantees, including the plaintiff, paid the allottee anything like the fair value of her land, yet when it is remembered that she sold the land, according to her own testimony, "Whenever I could get money for it," it is not improbable that in the aggregate she may have done very well.

Moreover, as the record discloses that the allottee, Rebecca Street Davis, is not a party to this suit, but that it is merely a controversy over her allotted lands between some of her numerous grantees, we are unable to grasp the relevancy of counsel's eloquent plea in her behalf, or to be sympathetically moved by it. The judgment rendered herein merely dismisses the action of one of these grantees, upon the ground that he has failed to adduce sufficient evidence to sustain his claim of priority against the others. In our judgment the evidence adduced by the plaintiff is not sufficient to sustain the allegations of fraud by a preponderance so great as to repel the opposing presumption of honesty and fair dealing on the part of the defendants. As that is the burden cast upon him by the authorities, we must hold that the trial court was right in sustaining the demurrer to his evidence.

In the case of *Moore v. Adams et al.*, 26 Okla. 48, 108 Pac. 392, it is held:

"In cases where fraud is alleged in the procuring of the execution of written instruments or deeds, the proof must sustain the allegations by a preponderance of the evidence so great as to overcome all opposing evidence and repel the opposing presumptions.

"(a) It should be of such weight and cogency as to satisfactorily establish the wrongful conduct charged; honesty and fair dealing, as a rule, being presumed."

For the reasons stated, the judgment of the court below is affirmed.

All the Justices concur.