RARDIN v. SCRUGGS *et al.*

No. 4573.   Opinion Filed September 14, 1915.

(151 Pac. 609.)

APPEAL AND ERROR—Verdict—Review. Where the issues are clearly drawn by the pleadings, and the court correctly charged the jury as to the law, and properly directed them as to the issues of fact to be determined, their verdict, and the judgment rendered thereon, will not be disturbed, where the same is reasonably supported by the evidence.

(Syllabus by Brett, C.)

*Error from District Court, Oklahoma County;*
*Edward D. Oldfield, Judge.*

Action by D. D. Landis against W. E. Scruggs and others. Judgment for plaintiff, and defendant L. Rardin brings error. Affirmed.

*Bland & Ptak* and *R. H. Towne,* for plaintiff in error.

*Carlisle & Edwards,* for defendants in error.

Opinion by BRETT, C. This action was commenced in the district court of Oklahoma county by D. D. Landis, as plaintiff, against W. E. Scruggs, C. A. Carr, and L. Rardin, as defendants, to recover the sum of $1,500 as damages alleged to have been sustained by reason of false and fraudulent representations made by the defendants to the plaintiff, through which they induced him to purchase a license to sell a certain crude oil burner, and as the purchase price of said license induced plaintiff to convey to L. Rardin an equity owned by the plaintiff in certain lots in the Moore-Bell addition to Oklahoma City, alleged to be of the reasonable value of $1,000; and he also claims damage in the further sum of $500 for time lost as agent for said crude oil burner, which the defendants falsely and fraudulently induced plaintiff to accept. The defendant Rardin filed a separate answer, denying all the allegations in the petition, except that he had received a conveyance of the lots in question; and he denies that he made any representations whatever to the plaintiff, and says he had no knowledge of any representations whatever on the part of his codefendants. The other defendants filed no answer. The cause was submitted to a jury, who found for the plaintiff in the sum of $338.50. Judgment was rendered by the court for this amount. From this judgment, the defendant L. Rardin appealed.

We have examined the record and the brief of plaintiff in error, L. Rardin, and find no merit in his contentions. The principal issue of fact in the case was submitted to the jury by the court in the following instruction:

"Before the plaintiff can recover in this action he must establish by preponderance of the evidence:

"First. That the representations as charged in the petition were made by the defendant.

"Second. That the representations were false.

"Third. That the plaintiff believed the representations to be true.

"Fourth. That plaintiff relied upon the representations of the defendants, and was only induced to make the purchase because of the same.

"Fifth. That the plaintiff has suffered damages because of said representations."

The first paragraph of this instruction is erroneous, in that it does not announce the correct measure of evidence, necessary in cases of this kind, to establish plaintiff's case. The instruction states the law to be that:

"Before the plaintiff can recover in this action he must establish by preponderance of the evidence," etc.

But in cases where fraud is alleged in procuring deeds, or the execution of written instruments, a bare preponderance of evidence is not sufficient to establish the case, but it might be established by a preponderance so great as to overcome all opposing evidence, and repel the presumption of honesty and fair dealing. *Elliott v. Merriman,* 47 Okla. 717, 150 Pac. 695; *Moore v. Adams et al.,* 26 Okla. 48, 108 Pac. 392. But no exception was taken to this instruction, and we think there was sufficient evidence to warrant the verdict, even tested by the proper measure.

The court fairly instructed the jury upon the other issues raised by the pleadings. The instructions directed the jury as to what issues of fact must be determined to

arrive at their verdict, and the jury, having heard the evidence, have passed upon the facts, and we find sufficient evidence to sustain their verdict.

We deem the verdict reasonable, and by no means excessive, and the judgment should be affirmed.

By the Court: It is so ordered.