ADAMS *et al.* v. PORTER *et al.*

No. 6803.   Opinion Filed June 6, 1916.

Rehearing Denied July 19, 1916.

(158 Pac. 899.)

1.   **DEEDS—Fraud—Evidence—Sufficiency.** In cases where fraud is alleged in the procuring of the execution of written instruments or deeds, the proof must sustain the allegations by a preponderance of the evidence and repel all opposing presumptions. It should be of such weight and cogency as to satisfactorily establish the wrongful conduct charged; honesty and fair dealing as a rule being presumed.

2.   **SAME.** Evidence examined and **held** not sufficient to sustain the allegations of the petition.

(Syllabus by the Court.)

*Error from District Court, Atoka County;*
*Robert M. Rainey, Judge.*

Action by Angeline Porter and another against F. E. Adams and another. Judgment for plaintiffs, and defendants bring error. Reversed and remanded for new trial.

*J. G. Ralls,* for plaintiffs in error.

*J. H. Gernert* and *Paul Pinson,* for defendants in error.

KANE, C. J. As stated by the trial court in his instructions to the jury:

"This is a case wherein the plaintiffs, Angeline Porter and Turner Porter, sue the defendants, F. E. Adams and T. F. Horn, for the possession of a strip of land 50 feet wide and for damages in the sum of $200 for the withholding of the said land from the plaintiff."

The plaintiffs, in substance, claim that on the 16th day of November, 1908, they sold to the defendants certain land for $366, and that the defendants included in the description of the said land, without the consent of the plaintiffs, the strip of land sued for in this suit. The plaintiffs claim that the inclusion of the strip of land was fraudulently done by the defendants, and that the defendants represented to them that the deed described other land and did not include the land sued for in this case.

The answer of the defendants was a general denial. Upon trial to a jury there was a general verdict for the plaintiffs which, omitting formal parts, reads as follows:

"We, the jury impaneled and sworn in the above-entitled case, do upon our oath find for the plaintiffs, Angeline Porter and Turner Porter, and for the possession of the land described in plaintiffs' petition, and for $—— no damages."

Thereafter a motion for new trial was filed and was overruled, and a judgment entered in favor of plaintiffs upon the verdict rendered by the jury; whereupon the losing parties instituted this proceeding in error for the purpose of reviewing the action of the trial court.

The errors complained of are: (1) Error of the court in refusing to sustain a demurrer to the evidence; (2) error of the court in giving certain instructions, and in refusing to give certain other instructions which were requested by the defendants. We have quoted largely from the statement of the trial court in submitting the cause to the jury for the purpose of showing that the action below was tried as an action at law, and that the only question of fact involved in the cause was whether defendants procured the deed which purported to convey to them the land in controversy by fraudulent representations. As the action was treated by the court below and the parties as an action at law, it will be considered in this court upon that basis. Fraud must be shown and proven at law. In equity it suffices to show facts and circumstances from which it may be presumed. *Myrick v. Jacks,* 33 Ark. 429. In this jurisdiction and generally, in cases where fraud is alleged in the procuring of the execution of written instruments or deeds, the proof must sustain the allegations by a preponderance of the evidence so great as to overcome all opposing evidence and repel all opposing presumptions. It should be of such weight and cogency as to satisfactorily establish the wrongful conduct charged; honesty and fair dealing as a rule being presumed. *Moore v. Adams et al.,* 26 Okla. 48, 108 Pac. 392; *Elliott v. Merriman et al.,* 47 Okla. 717, 150 Pac. 695; *Insurance Co. v. Rammelsberg,* 58 Kan. 531, 50 Pac. 446; *Lalone et al. v. United States,* 164 U. S. 255, 17 Sup. Ct. 74, 41 L. Ed. 425.

In our judgment, the evidence adduced for the purpose of showing fraud in the procurement of the deed herein is not sufficient to sustain the allegation of fraud by such a preponderance of the evidence as to repel all

Adams et al. v. Porter et al.

opposing presumptions of honesty and fair dealing on the part of the defendants. A mere preponderance of evidence, which at the same time is vague and ambiguous, is not sufficient to warrant a finding of fraud, and will not sustain a judgment based upon such finding.

In none of the instructions given to the jury do we find the foregoing rule clearly and explicitly stated. Indeed, from one of the instructions given the jury would have been justified in inferring that a verdict in favor of the plaintiffs could have been returned, whether fraud was shown or not. This instruction reads:

"If you find from a fair preponderance of the evidence in this case that the defendants, without the knowledge or consent of the plaintiffs, caused to be inserted in a deed for other land the land in controversy, knowing at the time that plaintiffs did not intend that' said land in controversy should be included in said deed, then you will find for the plaintiffs."

Consul for plaintiffs contend that this instruction was applicable to the theory that the strip of land over which this controversy arose was incorporated in the deed by mistake, which, they say, there was evidence tending to prove. There is but one count in the petition and but one cause of action stated, and the court below instructed the jury that there was but one cause of action, which was based upon the theory that the deed was fraudulently obtained. From the record before us, there is no room for any other conclusion. No useful purpose would be subserved by setting out at any length the evidence adduced at the trial. It is sufficient to say of it that in our judgment it does not satisfactorily establish the wrongful conduct charged by a preponderance of the evidence so great

as to overcome the opposing evidence or repel all oppos-
ing presumptions of honesty and fair dealing.

As the jury probably would have reached the same
conclusion reached by this court, if it had been properly
instructed as to the weight and cogency of the evidence
necessary to establish the charge of fraud in the execution
of a deed, the cause is reversed and remanded, with direc-
tions to grant a new trial.

All the Justices concur.