## DEMOCRAT PRINTING CO. et al. v. JOHN-SON.

No. 9116—Opinion Filed Oct. 22, 1918.

(175 Pac. 737.)

(Syllabus.)

1. **Conspiracy—Civil Liability—Proof—Circumstantial Evidence.**

It is not necessary, in an action on the case in the nature of a conspiracy, to prove by, direct evidence that the parties actually came together and entered into a formal agreement to do the things complained of; but such an understanding may be shown by proof of facts and circumstances from which the existence of a conspiracy may be inferred, and in the admission of circumstantial evidence upon a charge of conspiracy great latitude is allowed. The limit to which evidence of this kind may be admitted rests in the sound discretion of the trial court.

2. **Conspiracy—Acts of Co-Conspirators—Liability.**

When a conspiracy is entered into to cheat and defraud any person of any property, all persons who engage therein are responsible for all that is done in pursuance thereof by any of their co-conspirators until the object for which the conspiracy was entered into is fully accomplished.

3. **Appeal and Error—Modification of Instruction—Prejudice.**

The modification by the court of a certain instruction requested by the defendants, and the giving of the instruction in its modified form, held not prejudicial error.

Error from District Court, Wagoner County; Preston S. Davis, Judge.

Suit by Violet W. Johnson against the Democrat Printing Company, a corporation, R. Z. Todd, and Thelma Todd, a minor, and another. Judgment for plaintiff, and defendants named bring error. Affirmed.

Watts & Summers, for plaintiffs in error.

Graves & Dickey, for defendant in error.

RAINEY, J. Plaintiff filed her petition in the district court of Wagoner county, Okla., against the defendants Democrat Printing Company, a corporation, R. Z. Todd, and Thelma Todd, alleging that in January, 1916, the Democrat Printing Company, of Wagoner, Okla., made an offer to the general public that it would give to the person who obtained for it the largest amount of subscriptions, advertising, and job work a new Ford automobile, to the person obtaining the second largest amount a Victrola of the value of $100, and to the person obtaining the third largest amount a Victrola of the value of $75; that under the terms of the contest she was the winner of the car, but that the defendants, E. M. Aubuchon, R. Z. Todd, and H. S. Foster who was secretary and treasurer of the Democrat Printing Company, and manager of the printing company's business, "with the intent to cheat and defraud the persons so receiving the three highest number of votes, fraudulently agreed among themselves that the Ford automobile, so to be given to the person receiving the highest number of votes as published by the said defendant Democrat Printing Company, would be furnished by the defendant R. Z. Todd," and was to be awarded to his daughter, Thelma Todd, and that they fraudulently did so award the said automobile. The trial resulted in a judgment for the plaintiff for the value of the automobile, and it is from this judgment that the defendants have appealed to this court. E. M. Aubuchon, one of the defendants, was made a party, but was not served.

The evidence discloses that E. M. Aubuchon was the manager and holder of the contest. and, according to the pleadings of the defendants, "had full authority to pass upon all matters arising in said contest relating to its conduct or the counting of votes cast therein," and that as to such matters 'he was sole judge and final authority." The evidence in the record on the part of the plaintiff discloses that the plaintiff was in-

duced by Mr. Aubuchon to enter the contest on the representation that the automobile and the other prizes would be awarded to the persons who actually solicited subscriptions and other work for the printing company, and that the said E. M. Aubuchon was authorized to pass on the qualifications of the contestants, and would not permit any one to contest for any of the prizes who was objectionable and ought not to be so permitted to contest; that shortly thereafter the name of Thelma Todd appeared in the paper as one of the contestants; that plaintiff went to Mr. Aubuchon and protested to him against her being in said contest, whereupon he informed her that when he solicited Thelma Todd to enter the contest he did not know that she was R. Z. Todd's daughter, and that soon after her name appeared as a contestant he met her and her father and mother at Mr. Todd's store, where Mr. and Mrs. Todd stated to him that they would not think of letting their daughter enter the contest for the car; that they had a car, but "were crazy for a Victrola," and that he informed them that Thelma could be in the contest for the Victrola, but not for the car. Plaintiff continued to solicit subscriptions and job work, and on one occasion informed Mr. Foster and Mr. Aubuchon that she was having considerable difficulty on account of Thelma Todd's name appearing in the contest, since she would have to take the time in soliciting subscriptions and job work to explain that Thelma was not in the contest for the car, but only for the Victrola.

Under the first assignment of error it is contended that the court erred in admitting statements of the alleged conspirator, E. M. Aubuchon, in evidence against the defendants, when the same were not made in the presence or hearing of said defendants, and without first establishing the fact that the conspiracy existed. This point is without merit. Under the admissions in the pleadings, as well as under the proof, Mr. Aubuchon was agent for the Democrat Printing Company, in full charge of the contest, and anything done or said by him during the pendency of the contest in regard to the management of the same was within the scope of his authority, and was binding upon his principal. No separate objection to the admission of this evidence seems to have been made upon the part of the defendants R. Z. Todd and Thelma Todd, but we think the evidence was admissible as to them. Although it was not proven by direct evidence that the alleged conspirators in this case came together and fraudulently agreed to have Thelma Todd enter the contest, and to fraudulently have the automobile awarded to her, this was not necessary, for it is well settled that a conspiracy may be established by circumstantial evidence. In many cases this is the only character of proof available. In 5 Ruling Case Law, § 37, p. 1088, the rule is thus stated:

"Conspiracies need not be established by direct evidence of the acts charged, but may and generally must be proved by a number of indefinite acts, conditions, and circumstances which vary according to the purposes to be accomplished. The very existence of a conspiracy is generally a matter of inference, deduced from certain acts of the persons accused, done in pursuance of an apparently criminal or unlawful purpose in common between them. The existence of the agreement or joint assent of the minds need not be proved directly. It may be inferred by the jury from other facts proved. It is not necessary to prove that the defendants came together and actually agreed in terms to have the unlawful purpose, and to pursue it by common means. If it be proved that the defendants pursued by their acts the same object, of ten by the same means, one performing one part and another another part of the same, so as to complete it, with a view to the attainment of that same object, the jury will be justified in the conclusion that they were engaged in a conspiracy to effect that object. If, therefore, one connives in a conspiracy, no proof of agreement to concur is necessary in order to make him guilty. His participation in the conspiracy may be established without showing his name or giving his description."

And this is the rule adopted by this court, Felt et al. v. Westlake et al., 68 Okla. 294, 174 Pac. 1041. It is likewise well settled that, when a conspiracy is established everything said or done by any or all of the conspirators in furtherance of its ends is deemed in law to have been said or done by all, and may be proved against each. Whilst such acts and declarations of those not parties to the record should not, strictly speaking, be received in evidence in proving the conspiracy until the fact of the conspiracy with them is shown, or at least until a prima facie case is made out against those to be affected by the proposed evidence, as to whether or not a prima facie case has been established sufficiently to entitle the plaintiff to offer such evidence is for the trial judge, in his discretion, to determine; and, as stated by Greenleaf in his admirable work on Evidence even this rule with reference to the order in which the testimony is to be received for the sake of convenience is subject to exceptions. We will

not discuss the exceptions, for we are satisfied the proof in this case was adduced within the rule. With reference to the order of receiving evidence in conspiracy cases, this court, in Felt et al. v. Westlake et al., supra, in an opinion by Mr. Justice Hardy, said:

"And in the admission of circumstantial evidence upon a charge of conspiracy great latitude is allowed. The jury should have before them, and are entitled to consider, every fact which has a bearing on and a tendency to prove the ultimate fact in issue which would assist them in arriving at a satisfactory conclusion, and it is no objection that the evidence may tend to prove many different transactions extending over any particular period of time, provided that all the facts proven have some bearing on and a tendency to prove the ultimate fact in issue. The limits to which evidence of this kind may be admitted should be left to the discretion of the trial court, and its ruling should not be disturbed, when the evidence admitted tends, even remotely, to establish the ultimate fact of conspiracy. 12 C. J. 634, 635."

The second assignment of error is that the plaintiff's evidence failed to show that Mr. Aubuchon was authorized to bind the printing company by his admissions against it, or to do any illegal act, or to make an illegal agreement. This contention has already been partly answered when we stated that under the pleadings and proof he was shown to be the agent of the company, and that his statements and acts within the scope of his authority were binding upon his principal. That a principal is liable for the torts committed by his agent in conducting the principal's business and in furtherance of his principal's interest is too obvious to require citation of authorities. The alleged illegal agreement referred to was the representation made by Mr. Aubuchon to the plaintiff that Thelma Todd would not be allowed to contest for the car.

From an examination of the record it is reasonably clear to us that the representations made by Mr. Aubuchon were within the scope of his authority, and it further appears that Mr. Foster had full knowledge of the representation having been made to the plaintiff by Mr. Aubuchon that Thelma Todd was not in the contest for the car and they not only permitted but encouraged the plaintiff to continue in the contest and to procure subscriptions and job work which inured to the pecuniary benefit of the company. Moreover, under the published rules of the contest Mr. Aubuchon had full authority to say that Miss Todd was not qualified to

contest for the car, and the so-called agreement, in our opinion, was not illegal.

It is also contended that the court erred in the admissions of certain statements and declarations made by Mr. Aubuchon in the presence of the plaintiff and other contestants on the night the contest was closed and the awards were announced. Immediately after the announcement of the awards, in response to the charge made by all the contestants present that the prizes were not fairly awarded, Mr. Aubuchon admitted that it so appeared, but said: "If it isn't, it is not me; it is between Todd and Foster." Counsel say that this testimony was incompetent, for the reason that at the time the statements were made the contest was closed, and they assume that the conspiracy was therefore at an end. Although the awards had been announced, the alleged conspiracy was really not at an end, for there is evidence in the record showing that Mr. Foster was not in the office when the awards were announced but came down late that night, met Mr. Aubuchon at the printing company's office for the purpose, as he stated, of putting the cash away, and on the next day, or soon thereafter, Mr. Todd took the car to another town and sold it, after he knew that all the contestants were dissatisfied. As the alleged object of the conspiracy was to wrongfully and fraudulently award the car to Thelma Todd, and to deprive the plaintiff of it when she was rightfully entitled to it, we are of the opinion that the purposes of the conspiracy were not accomplished, and the conspiracy not ended, until the car was sold. Grayson v. State, 12 Okla. Cr. 226, 154 Pac. 334.

The admissions made by Mr. Aubuchon later in the evening at the house of one of the contestants, that Mrs. Johnson should have had the car, were also competent for the same reason. Assuming that a statement to the same effect, made by Mr. Aubuchon a few days later in Muskogee, after the car had been disposed of, should not have been received in evidence, the error, if any, was not prejudicial, for such evidence was merely cumulative. Under section 6005, Rev. Laws 1910, the error in the admission of this evidence does not authorize a reversal of the case, for, after an examination of the entire record, we are satisfied that its admission did not result in a miscarriage of justice.

The remaining assignment of error relates to the failure of the trial court to give

a certain instruction in the language requested, which is as follows:

"You are instructed that fraud must be shown and proven at law, honesty and fair dealing as a rule being presumed; that the party pleading and relying upon same must sustain his allegations by a preponderance of the evidence so great as to overcome all opposing evidence and all opposing presumptions; and unless you shall find by such weight of the evidence that the award of the automobile in controversy was procured by the defendants to be made by fraud of Thelma Todd, you shall find for the defendants." (Emphasis ours.)

This instruction was given by the court, as requested, with the italicized language eliminated, and the elimination of such language from the instruction is urged as reversible error. The principle of law incorporated in the instruction is one announced and approved by this court in actions involving fraudulent conveyances. Moore v. Adams et al., 26 Okla. 48, 108 Pac. 392; Adams et al. v. Porter et al., 58 Okla. 225, 158 Pac. 899.

Assuming, without deciding, that fraud in a conspiracy case must be proved by the same weight of the evidence as in cases of fraudulent conveyances, we cannot say the failure to give the instruction in the exact language requested was prejudicial error. The instruction, as given, advised the jury that honesty and fair dealing was presumed, that fraud must be shown and proven, that the allegations of fraud must be sustained by a preponderance of the evidence, and that unless the jury found by the weight of the evidence that the automobile was fraudulently awarded to Thelma Todd they should find for the defendants. The omitted language would only have added slight emphasis to the instruction, and to us it seems highly improbable the jury would have rendered a different verdict if the instruction had been given in the exact language requested.

The evidence in the case is quite voluminous, and it would serve no useful purpose to set it out fully herein. Suffice it to say that in our opinion the court accorded the defendants all their rights, and after an examination of the entire record we cannot say that the verdict has resulted in a miscarriage of justice.

For the reasons stated, the judgment is affirmed.

All the Justices concur.