## NISSEN v. ANDRES, Rec., et al.

No. 26398.  Oct. 13, 1936.

Rehearing Denied Nov. 17, 1936.
Application for Leave to File Second Petition for Rehearing Denied Dec. 22, 1936.

Elmer L. Fulton, for plaintiff in error.

George M. Nicholson, for defendant in error Liebmann's Independent Ice Company.

Hayes, Richardson, Shartel, Gilliland & Jordan, for defendant in error New State Ice Company.

Short & Pierson, for defendants in error Anderson Ice Company and Arctic Ice Company.

WELCH, J. Suit was commenced by C. A. Nissen, plaintiff, against several corporations and individuals to recover damages for the alleged injury and destruction of plaintiff's retail ice business, alleged to result from acts of defendants in pursuance of a conspiracy on their part to destroy his business by refusing to sell him ice at a satisfactory wholesale price. At the conclusion of plaintiff's evidence the trial court sustained a demurrer thereto and instructed a verdict for the defendants.

The evidence shows that the plaintiff had for a number of years engaged in the retail ice business in the trade territory of Oklahoma City and vicinity. The defendants were at the time mentioned manufacturers and distributors of ice at wholesale and retail within the same city and trade territory. For a number of years to within a short time of bringing the suit plaintiff had obtained his entire requirements of ice for his trade from one of the defendants. This particular defendant had at all times been the owner of what is known as an ice dock, which the plaintiff had used as the central point from which his retail business was operated. The plaintiff rented this dock from that defendant. A short time before the suit was brought the defendant, owner of the ice dock, notified the plaintiff that it would not continue to furnish him ice at wholesale prices, which had been 30c per hundred pounds, but that it would in the future furnish him ice only at 40c per hundred pounds, which was the same amount charged by it to its retail customers at the plant.

Some sharp controversy had arisen between plaintiff and that defendant as to plaintiff's method of competition in the retailing of ice, and also as to rentals due on the ice dock. Thereafter plaintiff pre-

sented himself to the plants of the various other defendants here, taking with him a witness, and made request for the purchase of ice at the wholesale price of 30c per hundred pounds. He was refused such request in each instance, the answers or reasons given for such refusal varying slightly in each instance, but the gist of the reasons given at each place was the objections to plaintiff's methods of competition in the retailing of ice in the territory.

Plaintiff in his testimony concedes that in many instances he sold and delivered ice at retail for a price less than the several companies defendant proposed or purported to sell their ice at retail in the same trade territory. He states his reasons therefor, but we deem it unnecessary to dwell upon the details of that dispute. From all the testimony it is a fair inference that the different defendants had obtained information from various sources, including their own agents and employees and other persons, as to the details of plaintiff's competition in the retailing of ice.

In considering the question of whether or not the plaintiff has presented evidence sustaining his contentions and supporting a cause of action, we conceive it to be the correct rule of law, and it appears to be undisputed by the parties here, that the business engaged in by the defendants is a private business or enterprise. New State Ice Co. v. Liebmann, 285 U. S. 262, 52 Sup. Ct. 371; Wolf Packing Co. v. Industrial Court, 262 U. S. 522, 43 Sup. Ct. 630, 47 L. Ed. 1103; Tyson & Bros. United Ticket Offices v. Blanton, 273 U. S. 418, 71 L. Ed. 718; Burns Baking Co. v. Bryan, 264 U. S. 504, 44 Sup. Ct. 412, 68 L. Ed. 813; Liggett Co. v. Baldridge, 278 U. S. 105, 49 Sup. Ct. 57, 73 L. Ed. 204; Williams v. Standard Oil Co., 278 U. S. 235, 49 Sup. Ct. 115. And that each of said defendants has the legal right to exercise in a proper manner its own independent discretion as to parties with whom it may deal, and might sell or refuse to sell under proper circumstances to whom it pleases. U. S. v. Colgate & Co., 250 U. S. 300, 39 Sup. Ct. 465, 63 L. Ed. 992; U. S. v Trans-Missouri Freight Ass'n, 166 U. S. 290, 17 Sup. Ct. 540; Straus v. Victor Talking Machine Co., 297 Fed. 791; Coca Cola Co. v. J. G. Butler & Sons, 229 Fed. 224; Great Atlantic & Pacific Tea Co. v. Cream of Wheat Co., 224 Fed. 566 (aff. 227 Fed. 46); Union Pacific Coal Co. v. U. S., 173 Fed. 737; Whitwell v. Continental Tobacco Co., 125 Fed. 454; Munter v. Eastman Kodak Co. (Cal.) 153 P. 737; Oklahoma Portland Cement Co. v. State, 87 Okla. 282, 210 P. 1031.

We take it that under these authorities the defendants here were not bound by any statutory or common-law rule to furnish ice to the plaintiff for the purpose desired. There is no contention here, and no evidence to show, that the defendants, or either of them, were required by contract to furnish ice.

In Whitwell v. Continental Tobacco Co., supra, the United States Circuit Court of Appeals for the Eighth Circuit succinctly said:

"The owner of goods may dictate the prices at which he will sell them, and the damages which are caused to an applicant to buy by the refusal of the owner to sell to him at prices which will enable him to resell them at a profit constitute no legal injury, and are not actionable, because they are not the result of any breach of duty or of contract by the owners."

And therein said further:

"There is another reason why the complaint in this action fails to state facts sufficient to constitute a cause of action: The sole cause of the damages claimed in it is shown to be the refusal of the defendants to sell their goods to the plaintiff at prices which would enable him to resell them with a profit. Now, no act or omission of a party is actionable, no act or omission of a person causes legal injury to another unless it is either a breach of a contract with, or of a duty to, him. The damages from other acts or omissions form a part of that damnum absque injuria for which no action can be maintained or recovery had in the courts. The defendants had not agreed to sell their goods to the plaintiff at prices which would make their purchase profitable to him, so that the damages he suffered did not result from any breach of any contract with him. They were not caused by the breach of any legal duty to the plaintiff, for the defendants owed him no duty to sell their products to him at any price, much less, at prices so low that he could realize a profit by selling them again to others. The complaint therefore fails to show that any legal injury or actionable damages were inflicted upon the plaintiff by the acts of the defendants, and the judgment below is affirmed."

In Great Atlantic & Pacific Tea Co. v. Cream of Wheat Company, supra, the court, in dealing with the rights of private business concerns, said:

"Before the Sherman Act it was the law that a trader might reject the offer of a proposing buyer, for any reason that appealed to him; it might be because he did not like the other's business methods, or

because he had some personal difference with him, political, racial or social. That was purely his own affair, with which nobody else had any concern. Neither the Sherman Act nor any decision of the Supreme Court construing the same, nor the Clayton Act, has changed the law in this particular. We have not yet reached the stage where the selection of a trader's customers is made for him by the government."

Those rules seem to be wholesome and in accord therewith. We take it that neither of the defendants here was bound in any way to furnish ice to the plaintiff for the competitive purpose desired, and their mere refusal to do so constituted no wrong and furnished no cause of action. This is not to say that plaintiff is not entitled to compete with defendants. He has the right, and may proceed therewith in any lawful manner. But he does not have the fixed right to purchase from any one of the defendants ice for competition with that defendant and at the same time to require that defendant sell him ice at such prices as will enable him to undersell that defendant, in competition and still make a desirable profit.

It is plaintiff's theory, however, that the defendants conspired and acted in concert for the purpose of destroying his business without just cause or excuse, which under a number of authorities furnished might lead to a cause of action, and we search the record now for evidence which may be said to support the charge of conspiracy. There is here no direct evidence of a conspiracy. It is permissible, however, to prove a conspiracy by circumstantial evidence. We find apt statements of the law in this regard in Chisler v. Randall (Kan.) 259 P. 687, wherein the court said:

"In order to prove a conspiracy by circumstantial evidence, there must be substantial proof of circumstances from which it necessarily follows, or at least may be reasonably inferred, that the conspiracy existed. It cannot be established by conjecture and speculation alone."

The Supreme Court of Illinois in Tribune Co. v. Thompson, 174 N. E. 561, in dealing with the law uses the following language:

"In analyzing the evidence with respect to the alleged conspiracy, certain fundamental rules of law applicable to this case must be pointed out. It first must be noted that the burden of proof is upon the complainant to prove the appellants guilty of conspiracy, as charged in the bill of complaint, by clear and convincing evidence. The decree in this case must stand or fall upon the charges made by the evidence produced under the second amended and supplemental bill of complaint. There is no direct evidence in this case to prove the conspiracy, and while conspiracy may be proved by indirect or circumstantial evidence, such evidence must be clear and convincing, and if the facts and circumstances relied upon are as consistent with innocence as with guilt, it is the duty of the court to find that the conspiracy has not been proved and to enter a decree dismissing the bill for want of equity. Wolf v. Lawrence, 276 Ill. 11, 114 N. E. 567; Mosbarger v. Brown, 313 Ill. 238, 145 N. E. 140; McKennan v. Mickelberry, 242 Ill. 117, 89 N. E. 717; Valbert v. Valbert, 282 Ill. 415, 118 N. E. 738."

Another statement of the rule peculiarly applicable here is to be found in Ballantine v. Cummings (Pa.) 70 Atl. 546, as follows:

"In an action for damages caused by an alleged fraudulent conspiracy, failure to prove the unlawful combination defeats the right to recover.

"Where circumstantial evidence is relied on to establish the conspiracy, it is for the court to determine whether the proven acts and circumstances, if believed, are sufficient in law to show an unlawful combination by the parties.

"Where subsequent acts are relied on to establish a conspiracy, they must clearly indicate the prior collusive combination and fraudulent purpose and must warrant the conclusion that the subsequent acts were done in furtherance of the unlawful combination and in pursuance of the fraudulent scheme.

"Disconnected circumstances, any one of which, or all of which, are just as consistent with a lawful purpose as with an unlawful undertaking, are insufficient to establish a conspiracy."

The rule is correctly stated in 12 C. J. 639, in the following language:

"In order to establish a conspiracy evidence must be produced from which a party may reasonably infer the joint assent of the minds of two or more parties to the prosecution of the unlawful enterprise. Disconnected circumstances, any one of which, or all of which, are just as consistent with a lawful purpose as with an unlawful undertaking, are insufficient to establish a conspiracy.

"The evidence must do more than raise a suspicion. It must lead to belief."

From the above-quoted pronouncements of law, it is seen that when the charge of conspiracy is sought to be proved by circumstantial evidence, as in the case here, the evidence in relation thereto must be clear and

convincing, and if the facts and circumstances relied upon are as consistent with innocence as with guilt, it is the duty of the court to find that the conspiracy has not been proved. The evidence must do more than raise a suspicion. It must lead to belief.

The plaintiff contends that the similar refusals of the several defendants are sufficient to establish concert of action and to evidence a prior agreement or conspiracy to destroy his business. On that contention it is pertinent to consider the apparent motive of the defendants, whether the refusals necessarily indicate a prior agreement or conspiracy, whether the conduct is consistent with a lawful motive, and whether there is or reasonably might be just cause for such conduct on the part of the various defendants.

While the similarity of the refusals is consistent with a prior agreement to so act in concert, yet it is equally consistent with independent action, since each defendant had ample opportunity to know of the plaintiff's competitive methods, and it was to the interest of each to know and be advised thereof, and in the natural course of business each would ordinarily obtain and have such information without any kind of prior agreement between themselves.

While each of the refusals was consistent with an immoral motive to destroy plaintiff's business, each was equally consistent with the lawful motive of ordinary self-protection in business. While the plaintiff has the full right to compete with the defendants, each defendant has a similar right to compete with the plaintiff.

While the defendants would not have the right to conspire together by wrongful acts to destroy plaintiff's business, yet each defendant might be amply justified in refusing to furnish to plaintiff the means of waging a successful and profitable competition against that defendant to the specific detriment of that defendant.

A careful analysis of the evidence convinces us that the same does not sustain plaintiff's contention nor show plaintiff entitled to any relief sought. The defendants were not required by contract or any legal duty to furnish their products to the plaintiff at the reduced price which he desired and which would enable him to profitably compete in the manner and method which he desired. While the defendants have no right to destroy this competition, they cannot be required to affirmatively nurture and promote it to their own detriment.

Some complaint is made concerning the refusal of the court to permit the introduction of certain evidence. We have examined the testimony so offered, and find nothing therein contained which would in any wise change our conclusion here reached.

Finding no error, the judgment is affirmed.

OSBORN, V. C. J., and RILEY, PHELPS, and GIBSON, JJ., concur. CORN, J., dissents. McNEILL, C. J., and BAYLESS and BUSBY, JJ, absent.