Bill DILL, Appellee,

v.

Dean RADER, Individually and as Mayor of the City of Weatherford, Oklahoma, Gilbert Harrelson, Individually and as Chief of Police of the City of Weatherford, Oklahoma, Jerry Jameson, Theo Fruechting, Richard McPhetridge, Arnold Teasley, Councilmen of the City of Weatherford and the City of Weatherford, a Municipal Corporation, Appellants (two cases).

Nos. 48782, 48805.

Supreme Court of Oklahoma.

May 23, 1978.

Rehearing Denied Sept. 20, 1978.

Keith Myers, Hollis, for appellee.

Procter, Fleming & Speck by Thomas G. Laughlin, Oklahoma City, for appellant Dean Rader.

Arney & Millspaugh, Weatherford, and Milton Keen, Oklahoma City, for appellants City of Weatherford and Gilbert Harrelson.

DAVISON, Justice:

Appellee, Bill Dill, a former Weatherford police officer, brought a slander action against the City of Weatherford, members of the City Council, its Police Chief, Gilbert Harrelson, and its Mayor, Dean Rader. Officer Dill alleged and offered proof that Chief Harrelson had slandered him by making public statements accusing him of illegal acts, including selling beer to minors and providing false identification for minors. Although no evidence was introduced to show that any of the defendants, other than Chief Harrelson, had slandered Officer Dill, Dill attempted to prove that the statements made by Chief Harrelson were part of a conspiracy entered into by the Chief and the other defendants in order to prevent Officer Dill from bringing suit against the City and to justify actions taken by the City in demoting Officer Dill.

Prior to the trial on the merits, the District Judge sustained demurrers to the amended petitions of all the defendants, except Chief Harrelson. Former Officer Dill perfected an appeal from the trial court's sustaining of the demurrers, and the Court of Appeals, Div. 2, reversed the trial court, ruling that the petition had stated a cause of action against all the defendants, including the City of Weatherford itself, ruling that the doctrine of sovereign immunity was not applicable. The Court of Appeals remanded the case for trial on the merits, and none of the defendants petitioned this Court to grant certiorari. This being the case, the law, announced by the Court of Appeals in its decision, is "the law of the case", *though it may not be the law in this jurisdiction.* Thus, under the "law of the case", the defense of sovereign immunity is not available to the City of Weatherford, and none of the defendants can complain that the petition did not state a cause of action. Because no petition for certiorari was filed, the questions ruled upon by the Court of Appeals are not properly before us, and we specifically note that *our opinion today should in no way be con-*

*strued as a ruling on any of the issues addressed by the Court of Appeals, including the questions involving the defense of sovereign immunity and the propriety of an award of punitive damages against a municipal corporation.*

At trial, the jury entered a verdict and judgment in favor of Officer Dill and against defendants, Harrelson, Rader and the City of Weatherford, in the amount of $30,000.00 actual damages, and $35,000.00 punitive damages. The jury also rendered a verdict in favor of the other defendants who were members of the City Council. The verdict in favor of the members of the City Council is not part of the appeal before us. Defendants Rader, Harrelson and the City of Weatherford appeal from the judgment entered against them. In the interest of judicial economy, we consolidated the appeals brought (Case Nos. 48,782 and 48,-805) and designate the surviving case as Case No. 48,805.

There was sufficient proof presented at trial that slanderous statements were made by Chief Harrelson, and no appellant has argued to the contrary, nor raised issues regarding the statements having been made by Chief Harrelson. The record is void of any evidence even suggesting that any other defendant made any slanderous statements. Both the City and Mayor Rader argue that there was no competent evidence introduced at trial demonstrating that a conspiracy existed, and consequently, the judgments against them must be reversed. In making this assertion, both the Mayor and the City argued that the only evidence introduced suggesting that a conspiracy might exist, was the testimony of several witnesses, including the plaintiff, who testified to having heard Chief Harrelson make incriminating statements against his alleged co-conspirators—such as, "The Mayor and the City Council are out to get you" or "Harrelson told me that Rader said * * * ."

Appellants argue that the trial court erred in admitting such extra judicial statements over their objection, as the statements constituted hearsay. Conversely, appellee urges that such statements were admissible as part of the res gestae—part of the slanderous statements themselves. Even if such statements were properly admitted under an exception to the hearsay rule, such statements of an alleged co-conspirator could not be used or be offered for the purpose of proving the existence of the conspiracy, for it is well settled in this jurisdiction that before the statements of one alleged conspirator are admissible in evidence against his alleged co-conspirators, the party offering the same must first make out a *prima facie* case of conspiracy aliunde—from other sources. *Campbell v. Newton & Driskill,* 52 Okl. 518, 152 P. 841 (1915), and *Democrat Printing Co. v. Johnson,* 71 Okl. 128, 175 P. 737 (1918).

Thus, before the statements of the alleged conspirator, Harrelson, could be admitted as evidence against his alleged co-conspirators, a proper predicate, *a prima facie case of conspiracy based on independent evidence, had to be laid.* It is for the trial judge to determine whether such a prima facie case has been established. As the trial court permitted the statements of Harrelson to be admitted into evidence, we assume that the court determined that a prima facie case of conspiracy, based on circumstantial evidence, had been made out. The question before us is thus: Did the trial court commit reversible error in holding that a prima facie case had been established?

In *Nissen v. Andres,* 178 Okl. 469, 63 P.2d 47 (1936), this Court affirmed the trial court's sustaining of the defendant's demurrer to the evidence in a conspiracy case. In affirming the trial court's sustaining of the demurrer to the evidence, we held that the plaintiff had not made out a prima facie case. In discussing plaintiff's burden of proof, we stated:

> " * * * we search the record now for evidence which may be said to support the charge of conspiracy. There is here no direct evidence of a conspiracy. It is permissible, however, to prove a conspiracy by circumstantial evidence. We find apt statements of the law in this

regard in *Chisler v. Randall et al.,* 124 Kan. 278, 259 P. 687, wherein the court said: 'In order to prove a conspiracy by circumstantial evidence, there must be substantial proof of circumstances from which it necessarily follows, or at least may be reasonably inferred, that the conspiracy existed. It cannot be established by conjecture and speculation alone.'

The Supreme Court of Illinois in *Tribune Co. v. Thompson,* 342 Ill. 503, 174 N.E. 561, 571, in dealing with the law uses the following language: 'In analyzing the evidence with respect to the alleged conspiracy, certain fundamental rules of law applicable to this case must be pointed out. It first must be noted that the burden of proof is upon the complainant to prove the appellants guilty of conspiracy, as charged in the bill of complaint, by *clear and convincing evidence.* * * * There is no direct evidence in this case to prove the conspiracy, and while conspiracy may be proved by indirect or circumstantial evidence, such evidence must be *clear and convincing,* and if the facts and circumstances relied upon are as consistent with innocence as with guilt, it is the duty of the court to find that the conspiracy has not been proved * * *' [Citations omitted]

Another statement of the rule peculiarly applicable here is to be found in *Ballantine v. Cummings et al.,* 220 Pa. 621, 70 A. 546, 547, as follows:

'In an action for damages caused by an alleged fraudulent conspiracy, failure to prove the unlawful combination defeats the right to recover.

'Where circumstantial evidence is relied on to establish the conspiracy, it is for the court to determine whether the proven acts and circumstances, if believed, are sufficient in law to show an unlawful combination by the parties.

'Where subsequent acts are relied on to establish a conspiracy, they must clearly indicate the prior collusive combination and fraudulent purpose and must warrant the conclusion that the subsequent acts were done in furtherance of the unlawful combination and in pursuance of the fraudulent scheme.

*'Disconnected circumstances, any one of which, or all of which, are just as consistent with a lawful purpose as with an unlawful undertaking, are insufficient to establish a conspiracy.'*

The rule is correctly stated in 12 C.J. 639, in the following language:

'In order to establish a conspiracy evidence must be produced from which a party may reasonably infer the joint assent of the minds of two or more parties to the prosecution of the unlawful enterprise. Disconnected circumstances any one of which, or all of which, are just as consistent with a lawful purpose as with an unlawful undertaking are insufficient to establish a conspiracy.

*'The evidence must do more than raise a suspicion. It must lead to belief.'* " [Emphasis added]

■ Under the statement of the law quoted above, in order to make out a prima facie case of conspiracy, the evidence must be (1) *clear and convincing* and (2) such evidence must *do more than raise suspicion* —it must *lead to belief.* The rules of law set forth above also provide that disconnected circumstances, any of which, or all of which, are just as consistent with lawful purposes as with unlawful purposes, are insufficient to establish a conspiracy.

In the case before us, plaintiff below, Officer Dill, attempted to prove that Mayor Rader, Chief Harrelson and the City Council conspired to malign his reputation for the purposes of enabling them to remove Officer Dill from the force, in order to permit them to rehire a crony, C. W. Brittain, former Chief of the Weatherford Police Department, who resigned under pressure brought by his fellow officers. In fact, the Force had at one time threatened to resign if former Chief Brittain remained in office. Additionally, plaintiff below attempted to prove that the conspiracy continued after his dismissal and that the attempt to slander his reputation after his firing, together with threats of additional slander, were meant to dissuade him from bringing suit against the City.

In attempting to establish the existence of the conspiracy, Officer Dill relied on circumstantial evidence, (1) the demotion of Officer Dill from Captain (soon after his rapid promotion) ordered by Mayor Rader; (2) Mayor Rader's investigation of certain arrests made by Officer Dill (though two other officers who were involved in the arrests were not investigated); and (3) the reinstatement of C. W. Brittain as a member of the force soon after Officer Dill's dismissal. All of these acts, however, were just as consistent with lawful purposes as with the alleged unlawful scheme. Accordingly, under the law stated above, such circumstantial evidence was insufficient to establish a prima facie case of conspiracy. This being so, the statements of the alleged co-conspirator, Chief Harrelson, were not admissible for the purpose of proving the other alleged co-conspirators' involvement in a conspiracy. Accordingly, we hold that the trial court committed reversible error in admitting such evidence and in letting the conspiracy issue go to the jury. Thus, we reverse the judgment against the defendants, Rader and the City of Weatherford.

Lastly, we consider an assertion of Chief Harrelson, who argued that he was prejudiced by the fact that the jury, in setting punitive damages, considered the wealth of the City of Weatherford and of its Mayor. As we have reversed the judgment against both the City and its Mayor, and as their wealth was no doubt considered by the jury when setting punitive damages, we must also reverse the award of punitive damages against Chief Harrelson, for he was prejudiced by the jury's consideration of the wealth of others.

In reversing the award of punitive damages against defendant Harrelson, we note that we find no grounds for reversing the verdict and judgment against him based on actual damages. Although he argues that he has been prejudiced by the admission of some of the statements concerning a conspiracy, even if such admissions were error, they were not prejudicial to him, except perhaps with respect to punitive damages.

For the above stated reasons, we reverse the judgments against the City of Weatherford and its Mayor, affirm the judgment of actual damages awarded against Chief Harrelson, and reverse the award of punitive damages against Chief Harrelson, remanding the case to the District Court for reconsideration of the issue of punitive damages against Chief Harrelson.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED TO THE TRIAL COURT WITH INSTRUCTIONS.

HODGES, C. J., LAVENDER, V. C. J., and WILLIAMS, IRWIN, BERRY and BARNES, JJ., concur.

SIMMS and DOOLIN, JJ., dissent.