76 F.3d 392
 24 Media L. Rep. 1702
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 ARBUCKLE WILDERNESS, INC., an Oklahoma corporation; Gerald
D. Hagee, an individual, Plaintiffs,
v.
KFOR TV, INC., a Michigan corporation, Defendant-Appellee,
GREGORY G. MEIER, Movant-Appellant.
 No. 94-6434.
 United States Court of Appeals, Tenth Circuit.
 Jan. 25, 1996.
 
 Before ANDERSON, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Gregory G. Meier, counsel for plaintiffs, appeals from an order of the district court imposing sanctions against him pursuant to Fed.R.Civ.P. 11 for filing a frivolous motion to amend plaintiffs' complaint. We affirm.
 
 
 3
 Mr. Meier was counsel of record for plaintiffs Arbuckle Wilderness, Inc. and Gerald D. Hagee in their diversity action alleging defamation against KFOR TV, Inc. KFOR broadcast a series of stories reporting that bovine tuberculosis had been detected in elk at plaintiffs' drive-through wilderness park. Plaintiffs sought to amend their complaint to add two defendants: Mark Mesesan, the former reporter for KFOR who had investigated the story, and Dr. Robert Hartin, the Oklahoma State Veterinarian and Director of the Animal Industry Services Division of the Oklahoma State Department of Agriculture. The proposed amendment alleged Mr. Mesesan and Dr. Hartin had conspired to defame plaintiffs in order to drive plaintiffs out of business and interfere with a proposed sale of Arbuckle Wilderness, Inc. The addition of Dr. Hartin would have defeated federal diversity jurisdiction.
 
 
 4
 The district court ordered a hearing to determine the extent of plaintiffs' and Mr. Meier's factual investigation and legal research prior to filing the motion to amend. At the conclusion of the hearing, the district court ordered Mr. Meier to show cause why sanctions should not be imposed against him for filing plaintiffs' motion to amend without adequate investigation of the law or facts. Upon consideration of the briefs, the district court found that Mr. Meier conducted an insufficient factual and legal investigation into the merit of plaintiffs' claims against Mr. Mesesan and Dr. Hartin, and it imposed a sanction against him of $3,276.50, representing the amount of defendants' attorneys' fees related to plaintiffs' motion to amend their complaint. See Arbuckle Wilderness, Inc. v. KFOR-TV, Inc., 149 F.R.D. 209 (W.D.Okla.1993).
 
 
 5
 On appeal, Mr. Meier contends the district court abused its discretion in imposing sanctions because the factual investigation he made prior to filing the motion to amend plaintiffs' complaint supported an inference of a conspiracy, which Mr. Meier contends was an adequate basis for the proposed amended complaint. This court applies an abuse of discretion standard in reviewing all aspects of a district court's Rule 11 determination. Coffey v. Healthtrust, Inc., 955 F.2d 1388, 1393 (10th Cir.1992). Under this standard, reversal is appropriate only if a district court "based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990).
 
 
 6
 Rule 11, as in effect at the time of plaintiffs' motion to amend, provided in part:
 
 
 7
 [t]he signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose such as to harass or cause unnecessary delay or needless increase in the cost of litigation.
 
 
 8
 Fed.R.Civ.P. 11 (1987).
 
 
 9
 Oklahoma law requires a plaintiff to establish a prima facie case of conspiracy by clear and convincing evidence, a higher standard than required for other causes of action. Shadid v. Monsour, 746 P.2d 685, 688 (Okla.Ct.App.1987); see also Dill v. Rader, 583 P.2d 496, 499 (Okla.1978). A conspiracy claim requires proof of "a meeting of the minds on the course of action, coupled with an intent to commit the [unlawful] act which results in the injury." Shadid, 746 P.2d at 689.
 
 
 10
 There is ample record support for the district court's conclusion that Mr. Meier did not conduct a reasonable inquiry into the facts and law supporting the motion to amend. Mr. Meier claimed the object of the conspiracy between Dr. Hartin and Mr. Mesesan was to use the news broadcasts to influence public opinion so that Dr. Hartin could get legislation passed giving him authority to regulate exotic animals. He testified that the factual support for this conspiracy claim consisted of Dr. Hartin's attempts to pass legislation regulating exotic animals, the fact that Dr. Hartin communicated with the television station investigating plaintiffs and the existence of a personality conflict between Gerald Hagee and Dr. Hartin. Appellants App. at 75-76. He also noted the fact that Dr. Hartin eventually lifted the ban on the sale of exotic animals after plaintiffs sold the wilderness park. Id. at 98.
 
 
 11
 However, "disconnected circumstances, any of which, or all of which, are just as consistent with lawful purposes as with unlawful purposes, are insufficient to establish a conspiracy." Dill, 583 P.2d at 499. Indeed, Mr. Meier admitted that he had no evidence to support a conspiracy agreement between Dr. Hartin and Mr. Mesesan prior to filing the motion to amend, and expected to obtain such evidence through discovery. Appellants' App. at 77-78. Mr. Meier conceded that evidence of such an agreement or meeting of the minds is an essential element of a conspiracy claim. Id. at 77.
 
 
 12
 Moreover, under Oklahoma law, state officials such as Dr. Hartin acting within the scope of their employment are generally immune from tort liability, including suits for defamation. Okla. Stat. tit. 51, 152.1 (1988); Neal v. Donahue, 611 P.2d 1125, 1129 (Okla.1980). Mr. Meier was unable to provide any factual basis or legal research in support of plaintiffs' proposed allegation that Dr. Hartin's actions were outside the scope of his employment. Mr. Meier admitted he did not research whether Dr. Hartin's efforts to pass legislation giving him authority to regulate exotic animals could be considered outside the scope of Dr. Hartin's employment. Appellants' App. at 73-76.
 
 
 13
 This practice of pleading first and analyzing later is prohibited by Rule 11, which imposes an affirmative duty on an attorney to make a reasonable inquiry into the facts and law before filing a pleading. Coffey v. Healthtrust, Inc., 1 F.3d 1101, 1104 (10th Cir.1993). The district court properly applied an objective standard in making its Rule 11 determination that a reasonable and competent attorney would not have believed the proposed claims had merit. See Dodd Ins. Servs., Inc. v. Royal Ins. Co., 935 F.2d 1152, 1155 (10th Cir.1991).
 
 
 14
 Mr. Meier's contention that the district court erroneously required plaintiffs to allege conspiracy by clear and convincing evidence is without merit. The district court found, with record support, that "Mr. Meier knew of no facts, even without regard to a clear and convincing standard, indicating that there was an agreement between [Mr. Mesesan and Dr. Hartin] to defame or tortiously injure the plaintiffs." Arbuckle, 149 F.R.D. at 213 (emphasis supplied).
 
 
 15
 The district court did not abuse its discretion in imposing sanctions against Mr. Meier pursuant to Rule 11. Accordingly, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 16
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3